Commonwealth *v.* Woodson, Appellant.

Submitted December 6, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John W. Packel*, Assistant Defender, and *Benjamin Lerner*, Defender, for appellant.

*Mark Sendrow* and *Steven H. Goldblatt*, Assistant District Attorneys, *Abraham J. Gafni*, Deputy District Attorney, and *F. Emmett Fitzpatrick*, District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, March 31, 1975:

The appellant complains of the amendment to Rule 47[1] of the Superior Court of Pennsylvania which requires the submission of his case on briefs when he fails to comply with Rule 47, in regard to timely filing. In fact under the rule he was subject to the penalty of dismissal of his appeal.

Appellate courts have wide latitude in deciding cases without oral argument. In Pennsylvania Supreme Court Rule 71 and Superior Court Rule 64, oral argument is not ordinarily permitted in P.C.H.A. appeals. *League of Voluntary Hospitals and Homes of New York v. Local 1199, Drug and Hospital Union*, 490 F. 2d 1398 (Temp. Emer. Ct. of App. 1973) provided that an order reducing briefing time was permissible. *NLRB v. Local No. 42, Int.*

---

1. *"Counsel are also advised that Rule 47 will be strictly construed with regard to the filing and service of briefs and records and will be literally enforced by this Court.*

"On the first day of each Session of Court, in all Districts, if briefs and records are not properly prepared, filed or served within the time set forth in our Rules, or if an order of this Court has not been granted extending the time within which to file such briefs and records, the cases may be immediately non prossed (or the president judge, in his discretion, may require that the cases or any of them be submitted without oral argument by counsel and may require briefs and records to be filed within such time as he determines)."

*Ass'n. of Heat and F.I. & Asbestos Workers,* 476 F. 2d 275 (3d Cir. 1973) upheld the validity of a rule which permits dispensing with oral argument.

The rule was designed to require the submission on briefs without oral argument when the appellant violated Rule 47 by failing to file his briefs timely. This avoided the necessity of imposing the more serious penalty provided by Rule 47, to wit: "If Appellant fails to comply with the above requirements within the time specified, or any extension thereof duly allowed, the appeal may be dismissed." And, of course, its purpose was designed to avoid large backlogs caused by delays in failing to file briefs and multiple continuances. This is clearly within the power of the Court and the parties are given time to advance their arguments by briefs so that there can be no prejudice by the lack of oral argument.

The appellant also complains because the trial judge found the appellant guilty of burglary, and not guilty of theft which he contends are inconsistent verdicts. The court treated it as a merger. This question was not raised below and is waived. However, §3502 (d) of the Pennsylvania Crimes Code permits this type of verdict, in fact, requires it.

"§3502 Burglary

". . .

"(d) Multiple convictions—A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree."

The appellant was charged under Section 3921 (Theft by unlawful taking), which under the circumstances was graded as a misdemeanor of the second degree. Act of Dec. 6, 1972, P.L. 1482, No. 334, §8, 18 Pa. C.S. §§3502, 3903, 3921.

Judgment of sentence affirmed.

CONCURRING OPINION BY SPAETH, J.:

Appellant was tried by Judge SAVITT, sitting without a jury, for burglary,[1] theft by unlawful taking,[2] and conspiracy,[3] and was found guilty on all charges. After a reconsideration, the reason for which does not appear on the record, the verdict on the charge of theft was changed: "He is found not guilty on bill 182 because the Theft bill merges with the Burglary . . ." No objection to the verdict appears on the record, nor does it appear that any was made in post-trial motions. Appellant's argument now that it was fatally inconsistent to find him guilty of burglary but not guilty of the underlying crime is therefore waived and need not be decided. *Commonwealth v. Agie,* 449 Pa. 187, 296 A.2d 741 (1972).

Appellant's second argument is stated as follows: "Appellant's statutory and constitutional rights to appeal and to the effective assistance of counsel on appeal have been substantially abridged by this court's refusal to allow oral argument, its failure to give counsel adequate time to properly prepare a brief and the denial of a reasonable continuance." I do not think we should respond to this argument. It appears to be little more than a plea to the court to reconsider its denial of appellant's petition for continuance. While we certainly may reconsider our own orders, it is only proper for us to do so on a proper petition. Here, there is no such petition; there is only an appeal from a judgment of sentence; and whether the sanctions imposed by Rule 47 are constitutional is an issue having nothing to do with that judgment.

This court has very limited original jurisdiction, extending only to "actions of mandamus and prohibition to courts of inferior jurisdiction where such actions are

1. 18 Pa. C.S. §3502.

2. 18 Pa. C.S. §3921.

3. 18 Pa. C.S. §903.

ancillary to matters within its appellate jurisdiction" and writs of habeas corpus.[4] Appellant's claim falls within none of these categories. It may be that in a post-conviction proceeding,[5] the hearing judge would be called upon to decide the propriety of the application to the defendant of one of the sanctions provided by Rule 47. Whatever order the judge entered would be appealable as a final order,[6] and the propriety of the application of the sanction could then be properly considered by this court working with a complete record.

Until then, I decline to consider the matter. In the meantime, I agree that in the present case the judgment of sentence should be affirmed.

---

4. Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, No. 223, art. III, §301, 17 P.S. §211.301 (Supp. 1974-75).

5. Post Conviction Hearing Act, Act of Jan. 25, 1966, P.L. (1965) 1580, §1 *et seq.*, 19 P.S. §1180-1 *et seq.* (Supp. 1974-75).

6. Appellate Court Jurisdiction Act, *supra* §302, 17 P.S. §211.302 (Supp. 1974-75).