**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**LOCAL NO. 42, INTERNATIONAL ASSOCIATION OF HEAT AND FROST INSULATORS AND ASBESTOS WORKERS, Respondent.**

No. 72–1145.

United States Court of Appeals, Third Circuit.

Feb. 21, 1973.

OPINION SUR PETITION FOR REHEARING IN BANC

Before SEITZ, Chief Judge, and HASTIE, VAN DUSEN, ALDISERT, ADAMS, GIBBONS, ROSENN and HUNTER, Circuit Judges.

SEITZ, Chief Judge.

The petition for rehearing, filed by respondent Local No. 42, asserts several grounds for rehearing in banc; but we need address ourselves only to the attack on the validity of our Local Rule 12(6) which provides in pertinent part that: "Oral argument may be dispensed with, or shortened, by an unanimous order of the panel to which the case has been assigned."

The petitioner first contends that the panel's denial of oral argument pursuant to the local rule violates Rule 34 of the Federal Rules of Appellate Procedure. Rule 34(b) seems most pertinent to petitioner's contention:

(b) Time Allowed for Argument. Unless otherwise provided by rule for all cases or for classes of cases, each

side will be allowed 30 minutes for argument. If counsel is of the opinion that additional time is necessary for the adequate presentation of his argument, he may request such additional time as he deems necessary. Requests may be made by letter addressed to the clerk reasonably in advance of the date fixed for the argument and shall be liberally granted if cause therefor is shown. A party is not obliged to use all of the time allowed, and the court may terminate the argument whenever in its judgment further argument is unnecessary.

In our view, the quoted language of Rule 34(b) neither explicitly nor by implication mandates oral argument. Nor does the Advisory Committee's Note on Rule 34 speak to our precise issue. Against this background, we reject petitioner's contention and refuse to construe Rule 34 to require oral argument in every case. Such a rigid requirement would be incompatible with the need of the judiciary to husband its time by limiting argument to those cases in which the court believes it will aid in the quality of the decision-making process. Rather, we hold the rule merely establishes certain procedures in the event oral argument is granted.

Our construction of Rule 34 renders it unnecessary to decide whether the "[u]nless otherwise provided by rule for all cases or for classes of cases" language of Rule 34(b) authorizes our Local Rule 12(6). See In re Amendment of Rule 3, 440 F.2d 847, 849 (9th Cir. 1970).

The petitioner next argues that the denial of oral argument pursuant to Local Rule 12(6) violated the Due Process Clause of the Fifth Amendment. It will be recalled that Local Rule 12(6) permits dispensation with oral argument only when the panel which is to decide the case unanimously agrees. Thus, any one member of the panel may require oral argument. Furthermore, the vote as to whether to have oral argument comes only after the panel has received the briefs and appendix in the case. Thus, each member of the panel which is to decide the case is in a particularly knowledgeable position to determine whether he thinks oral argument may be helpful to him in reaching his decision.

Given the manner in which our rule operates, we are unwilling to say that a denial of oral argument pursuant to our local rule constitutes a violation of the Fifth Amendment. In an administrative law context, the Supreme Court said in FCC v. WJR, The Goodwill Station, 337 U.S. 265, 276, 69 S.Ct. 1097, 1103, 93 L.Ed. 1353 (1949): "Certainly the Constitution does not require oral argument in all cases where only insubstantial or frivolous questions of law, or indeed even substantial ones, are raised." We see no reason why the same principle does not apply to judicial proceedings. See Huth v. Southern Pacific Co., 417 F.2d 526 (5th Cir. 1969).

The petition for rehearing in banc will be denied.

HASTIE, J., concurs in the result.