**UNITED STATES of America**
**v.**
**Matthew METZ et al.**
**Appeal of James DAVENPORT.**
**No. 72–1441.**

United States Court of Appeals,
Third Circuit.

Argued Sept. 12, 1972.

Decided Dec. 22, 1972.

Certiorari Denied April 2, 1973.
See 93 S.Ct. 1558.

Richard J. Catalano, Catalano, Ziegler & Maloney, Pittsburgh, Pa., for appellants.

Jay C. Waldman, Asst. U. S. Atty., Pittsburgh, Pa., for appellee.

Before BIGGS, JAMES ROSEN * and HUNTER, Circuit Judges.

OPINION OF THE COURT

BIGGS, Circuit Judge.

The appellant Davenport entered a plea of guilty to a one count indictment charging him with the violation of 18 U.S.C. § 2113(c), wilfully and unlawfully receiving, possessing and concealing federal credit union checks. Davenport was sentenced to three years imprisonment, the statutory sentence for this offense being a fine of not more than $5,000 or imprisonment of not more than ten years or both.[1] This appeal followed.

The sole issue raised by Davenport is whether the court below erred in imposing sentence following consideration of information contained in the presentence report that Davenport was under indictment for other offenses. The record shows that the court, in explaining the factors it considered in imposing the three year sentence, stated: "Now, let me explain to you. It is not this charge [Davenport's prior conviction five years earlier for obtaining property by false pretenses] that is influencing me. Let me tell you what it is in the entire [presentence] report. This man

---

* Judge James Rosen participated in the argument in this case but died before a decision was reached.

1. 18 U.S.C. § 2113(b) (1971).

has several cases pending and I am afraid that he is slipping into association with a gang of armed robbers. He has got an indictment pending concerning another false pretense situation. He has got an indictment pending on receiving stolen goods. He has got an indictment pending on a forged instrument. He has got an indictment pending indicating that two men, one Brown, one Cochran, were arrested for armed robbery. This man here that we are dealing with has been indicted for armed robbery, larceny and receiving stolen goods.

"I think that for his own good we better get him into a situation where he isn't associated with Brown and Cochran and where even if these charges don't result in a conviction he is headed off before he gets into some real serious trouble.

\*     \*     \*     \*     \*     \*

"The only fact basis you put the sentence on is the plea of guilty. The purpose of the investigation is to determine what to do and you consider everything —\*   \*   \*—everything that you can find out about the man."[2]

It is clear that a sentencing judge is vested with broad discretion in imposing sentence within the statutory limits.[3] Only in "the exceptional situation, where it is evident that the district court has given substantial consideration to legally impermissible factors,"[4] will this court intervene. In the case at bar, we hold that the sentencing judge considered no "legally impermissible factors".

18 U.S.C. § 3577 (1971) states: "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." This section reflects the policy, as expressed by the Supreme Court in Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949), that "[h]ighly relevant—if not essential—to his [a sentencing judge's] selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics." To this end, F.R. Crim.P. 32(c) requires (1) a presentence investigation and report to the court before the imposition of a sentence, and (2) that this report contain any prior criminal record of the defendant and such information about his characteristics, financial condition and circumstances affecting his behavior as may be helpful in imposing sentence.[5]

The object of the sentencing court is thus to acquire knowledge of the character and history of the man before it. "[F]ew things could be so relevant as other criminal activity of the defendant," United States v. Doyle, 348 F.2d 715, 721 (2 Cir. 1965), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965), for consideration of other criminal activity is important in the balancing of punishment, deterrence, and rehabilitation, thereby determining the period of confinement anticipated to be required to effect the purposes of the sentence.

2. Transcript pp. 7–9.

3. United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); United States v. Eberhardt, 417 F.2d 1009 (4 Cir. 1969); United States v. Sweig, 454 F.2d 181 (2 Cir. 1972); Livers v. United States, 185 F.2d 807 (6 Cir. 1950).

4. Marano v. United States, 374 F.2d 583, 586 (1 Cir. 1967).

5. F.R.Crim.P. 32(c) provides: "(1) *When Made.* The probation service of the court shall make a presentence investigation

and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. . . .

(2) *Report.* The report of the presentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the Court. . . ."

See United States v. Eberhardt, 417 F.2d 1009, 1015 (4 Cir. 1969).

In *Doyle, supra,* the court held it proper for a sentencing judge to consider information concerning crimes for which the appellant had been indicted, but was neither tried nor convicted. Accord, United States v. Cifarelli, 401 F.2d 512 (2 Cir. 1968), cert. denied 393 U.S. 987, 89 S.Ct. 465, 21 L.Ed.2d 448 (1968). See Young v. United States, 259 F.2d 641 (8 Cir. 1958); Jones v. United States, 113 U.S.App.D.C. 233, 307 F.2d 190 (1962), cert. denied, 372 U.S. 919, 83 S.Ct. 733, 9 L.Ed.2d 724 (1963). The fact that the other criminal activity has not been passed on by a court should not be controlling, for "of necessity, much of the information garnered by the probation officer will be hearsay and will doubtless be discounted accordingly, *but the very object of the process is scope.*" United States v. Doyle, *supra,* 348 F.2d at 721. (Emphasis added). In fact, the kind of evidence here objected to is more reliable than the hearsay evidence which the sentencing judge can clearly consider, for unlike hearsay, the indictments are based on testimony given under oath and required the existence of probable cause to believe that Davenport had committed the other offenses.

We believe that the probable trustworthiness of information concerning other criminal charges is far more significant than the procedural stages of the other charges. United States v. Sweig, 454 F.2d 181 (2 Cir. 1972), held that the sentencing judge could properly consider evidence with respect to crimes of which the defendant had been *acquitted. Sweig* turns on the reliability of the evidence considered, for the evidence "was given under oath and was subject to cross-examination and the judge had the opportunity for personal observation of the witnesses." 454 F.2d at 184. In Townsend v. Burke, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948),

the Supreme Court made it clear that a sentence cannot be predicated on false information. And in United States v. Weston, 448 F.2d 626, 633–634 (9 Cir. 1971) the court dealt with the propriety of a sentencing judge's consideration of other criminal activity as follows: "[W]e believe that other criminal conduct may properly be considered, even though the defendant was never charged with it or convicted of it. Its relevance to the problem before the judge, 'what sort of person is this defendant, and what sort of sentence should she receive?' is apparent. But that does not solve our present problem. Here the other criminal conduct charged was very serious, and the factual basis for believing the charge was almost nil. It rested upon only two things: the opinion of unidentified personnel in the Bureau of Narcotics and Dangerous Drugs, and the unsworn statement of one agent that an informer had given him some information lending partial support to the charge.

\* \* \* \* \* \*

" . . . [A] sentence cannot be predicated on information of so little value as that here involved. A rational penal system must have some concern for the probable accuracy of the informational inputs in the sentencing process."

Davenport's reliance on *Weston* is thus misplaced for the pending indictments considered here are of far greater reliability than the "unsworn evidence detailing otherwise unverified statements of a faceless informer that would not even support a search warrant or an arrest"[6] which was considered by the judge in *Weston.* We hold that indictments for other criminal activity are of sufficient reliability to warrant their consideration by a sentencing judge.

Davenport's contention that the presumption of innocence is affronted by the consideration of unproved criminal activity "is as implausible as taking the

6. United States v. Weston, 448 F.2d 626, 631 (9 Cir. 1971).

double jeopardy clause to bar reference to past convictions." United States v. Doyle, *supra*, 348 F.2d at 721. And Davenport's attempt to analogize his case with United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972), is also without merit. *Tucker* held that a sentencing judge may not properly consider prior uncounseled convictions invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963), in order to prevent erosion of the *Gideon* principle. Clearly, consideration of pending indictments does not erode the *Gideon* principle. Furthermore, "the absence of counsel impairs the reliability of such convictions" and "such use compounds the original denial of the constitutional right." Gilday v. Scafati, 428 F.2d 1027, 1029 (1 Cir. 1970). These reasons in support of *Tucker* are irrelevant in the situation at bar.

■ Davenport's *final contention is* that he was sentenced for a crime more serious than the one to which he pleaded guilty. Clearly he could only be sentenced for the offense to which he pleaded guilty. Had the court undertaken to penalize Davenport for other offenses as well, "it would run afoul of due process." United States v. Eberhardt, 417 F.2d 1009, 1015 (4 Cir. 1969). However, the record clearly shows this contention to be groundless.[7] The sentencing judge viewed the pending indictments in the proper respect, one of informing himself about Davenport's background, conduct, and the circumstances affecting his behavior.[8]

The order of the district court will be affirmed.

---

7. Transcript p. 9: "The Court: The only basis you put the sentence on is the plea of guilty. The purpose of the investigation is to determine what to do and you consider everything—* * *—everything that you can find out about the man."

8. Transcript p. 8: "The Court: . . . I am afraid that he is slipping into association with a gang of armed robbers.

. . .

"I think that for his own good we better get him into a situation where he isn't associated with Brown and Cochran and where . . . he is headed off before he gets into some real trouble."