**UNITED STATES of America,
Appellee,**

v.

**Robert Eugene MAJORS, Appellant.**

**No. 73–1403.**

United States Court of Appeals,
Tenth Circuit.

Submitted Oct. 15, 1973.

Decided Jan. 30, 1974.

---

Robert J. Roth, U. S. Atty., Thomas A. Hamill and E. Edward Johnson, Asst. U. S. Attys., for appellee.

Robert D. Inman, Denver, Colo., for appellant.

Before LEWIS, Chief Judge, and JONES* and McWILLIAMS, Circuit Judges.

WARREN L. JONES, Circuit Judge:

The appellant, Robert Eugene Majors, was convicted on a plea of guilty of escaping from a Federal penitentiary in violation of 18 U.S.C.A. § 751(a). He has appealed from a judgment on the guilty plea and a sentence of three years imprisonment.

While enjoying his temporary freedom following his escape from prison, Majors stole a car and drove it across a state line and in so doing made himself liable to prosecution under the Dyer Act, 18 U.S.C.A. § 2311 et seq. At the hearing when Majors withdrew his not guilty plea and made his plea of guilty to the escape charge, he was informed of the maximum sentence. He gave the usual assurances that he had been given no promise of a lesser than maximum sentence. After being prompted by defense counsel, the Government attorney reported to the court that the Government had agreed not to prosecute on the Dyer Act offense if the plea on the escape charge was accepted. Inquiry was made as to whether there were any matters of aggravation to be considered. Government counsel advised the court of the car theft. A presentence investigation was made and the presentence report contained a reference to the car theft. A sentence of three years was imposed. At the time of sentencing the court mentioned the car theft and commented that Majors might have been prosecuted for it. It was provided that the three year sentence would run consecutively with the prior sentence then being served.

In his appeal Majors says that the usual term imposed for escape is a year and a day, and that the rest of the three years was for the Dyer Act violation. Two contentions are made. It is urged that the appellant's rights were violated by the prosecuting attorney in relying upon the car theft as an aggravation after agreeing to dismiss the Dyer Act charge when the guilty plea to the escape was accepted. The appellant further contends that the court should not have considered the car theft in imposing sentence since it had been dismissed as a result of the bargain which resulted in the plea of guilty to the escape charge.

The single issue presented by the appeal is whether, in sentencing the appellant, the judge erred in considering the theft and interstate transportation of an automobile by the appellant.

In the exercise of the difficult discretionary function of imposing sentence upon a convicted or confessed criminal, the sentencing judge is entitled to all the help he can get. In fixing punishment, matters and things other than a defendant's guilt of the particular crime are to be considered. Appropriate, perhaps necessary, to the inquiry are the history, background, character and criminal activities of the defendant. Both aggravating and mitigating circumstances are relevant. Pertinent information is not generally to be disregarded because of exclusionary rules of evidence. Williams v. New York, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1337, reh. den. 337 U.S. 961, 69 S.Ct. 1529, 93 L.Ed. 1760, reh. den. 338 U.S. 841, 70 S. Ct. 34, 94 L.Ed. 514; Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L. Ed.2d 516; reh. den. 359 U.S. 956, 79 S. Ct. 737, 3 L.Ed.2d 763; Hoover v. United States, 10th Cir. 1959, 268 F.2d 787; Wagstaff v. United States, 10th Cir.

---

* Of the Fifth Circuit, sitting by designation.

1966, 370 F.2d 444; United States v. Donohoe, 10th Cir. 1972, 458 F.2d 237, cert. den. 409 U.S. 865, 93 S.Ct. 157, 34 L.Ed.2d 113.

From the principles herebefore stated it would follow that the judge, in sentencing Majors, properly considered the automobile offense. However, it can be plausibly urged that United States v. Tucker, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592, requires a different result. Tucker had been convicted of armed bank robbery. At his trial he testified on his own behalf. He denied participation in the robbery and offered an alibi defense. To impeach his credibility, the Government, on cross-examination, asked whether he had been convicted of any felonies. Tucker stated that he had three previous felony convictions. Before imposing the maximum sentence of 25 years, the trial judge inquired into Tucker's background, and gave explicit attention to his three previous felony convictions.

It was later determined that two of Tucker's prior convictions were constitutionally invalid under Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L. Ed.2d 799, because Tucker had not been represented by counsel, and had not been advised of his right to counsel or intelligently and understandingly waived his right to counsel. Tucker brought a proceeding under 28 U.S.C.A. § 2255 on the theory that the introduction of evidence of his prior invalid convictions had tainted the jury's verdict of guilty. The district court found this to be harmless error viewed in the light of the overwhelming evidence of guilt. On appeal the Ninth Circuit Court of Appeals agreed that the prior convictions did not contribute to the guilty verdict, but decided that the invalid convictions might have caused the trial court to impose a heavier sentence than it might have otherwise imposed. The bank robbery conviction was upheld but the sentence was vacated and the cause was remanded for resentencing without consideration of any prior invalid convictions. Tucker v. United States, 9th Cir. 1970, 431 F.2d 1292.

In the Supreme Court the Government argued that a United States District Judge has almost unreviewable discretion in imposing sentence, and that he is entitled to know to what extent a defendant has in fact engaged in criminal or antisocial conduct. The Government contended that in view of other detrimental information known about Tucker at sentencing, it was unlikely that a different sentence would have been given even if the court had known of the invalidity of the prior convictions. The Supreme Court approved the principle that a trial judge has wide discretion in sentencing, and that before imposing sentence he may make a broad inquiry about the defendant, almost unlimited as to the kind, or source, of information, and that a sentence is not generally subject to review. However, the Court held that it was not dealing with "a sentence imposed in the informed discretion of a trial judge, but with a sentence founded at least in part upon misinformation of constitutional magnitude." 404 U.S. 443, at 447, 92 S.Ct. 589, at 591. The Court said that the issue before it was whether the 1953 sentence "might have been different if the sentencing judge had known that at last two of the respondent's [Tucker's] previous convictions had been unconstitutionally obtained." 404 U.S. 443, 448, 92 S.Ct. 589, 592. In deciding the issue which it posed, the Supreme Court held that:

> ". . . if the trial judge in 1953 had been aware of the constitutional infirmity of two of the previous convictions, the factual circumstances of the respondent's background would have appeared in a dramatically different light at the sentencing proceeding . . . . We cannot agree with the Government that a reevaluation of the respondent's sentence by the District Court even at this late date will be either 'artificial' or 'unrealistic.'" 404 U.S. 443, at 448, 92 S.Ct. 589, 592.

**1324**

The Court commented that in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319, it had been held that to permit a conviction obtained in violation of Gideon, supra, to be used against a person either to support guilt or enhance punishment for another offense would erode the Gideon principle. The judgment of the Court of Appeals remanding for resentencing was affirmed.

 The differences between the Tucker case and that now before this Court for decision require a different conclusion. In Tucker the convictions were nullified by the application of the Gideon principle. The presumption of innocence shielded Tucker from enhancement of his sentence by reason of the constitutionally invalid convictions. By his plea bargain and the subsequent dismissal of the indictment against him for interstate transportation of a stolen motor vehicle, Majors was neither acquitted nor convicted, and the dismissal of the indictment for this offense did not deprive him of any constitutional or other right. The dismissed indictment and the charge contained in it are within the kind of information which a court may properly consider in passing sentence. The plea bargain and the indictment dismissal resulting from it did not and, indeed, could not, deprive the judge of the right and probably the duty of giving consideration to it. While a constitutionally invalid conviction cannot be considered by a sentencing judge, it does not follow that there must be a constitutionally valid conviction in order that criminal conduct may be considered.

It is our decision that the judgment and sentence of the district court should be affirmed. In accord with the conclusion here reached are United States v. Doyle, 2nd Cir. 1965, 348 F.2d 715, cert.

den. 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed. 2d 84, decided before Tucker, and Davenport v. United States, 3rd Cir. 1972, 470 F.2d 1140, cert. den. 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311, decided after Tucker.

The judgment of the district court is affirmed.