**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter MARINES, Defendant-Appellant.**

No. 75–1682.

United States Court of Appeals, Tenth Circuit.

Feb. 13, 1976.

Rehearing and Rehearing En Banc Denied May 11, 1976.

Edward M. Genson, Theodore M. Becker, J. Samuel Tenenbaum, Chicago, Ill., for defendant-appellant.

Victor R. Ortega, U. S. Atty., Albuquerque, N. M., for plaintiff-appellee.

Before SETH, McWILLIAMS, and BARRETT, Circuit Judges.

PER CURIAM.

Appellant Marines entered a plea of guilty on August 1, 1975 to violation of 21

U.S.C. § 844(a), possession of marijuana. He was sentenced to one year imprisonment, the maximum sentence to imprisonment permitted. The issues presented for our consideration in this appeal relate only to the severity of the sentence. Marines contends that, when the district court imposed sentence, it gave improper consideration to the fact that Marines benefited from a plea bargain by which, in return for his plea of guilty to the misdemeanor charge, a felony indictment based upon the same set of facts would be dismissed. Marines also contends that the district court failed to give proper consideration to various mitigating factors.

A sentence imposed by a federal judge is ordinarily not subject to review if within statutory limits. *Roddy v. United States*, 509 F.2d 1145 (10th Cir. 1975). However, a sentence is subject to review if founded at least in part on misinformation of a constitutional magnitude. *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972). Here, Marines contends only that the district court improperly considered the relative benefits accruing to each of the parties to the plea bargain and makes no suggestion that misinformation of constitutional dimensions was involved.

We find no merit to any of Marines' contentions regarding factors considered or not considered by the district court when imposing sentence. A district court has broad discretion when imposing sentence and may and should consider matters other than a defendant's guilt of the particular crime. *United States v. Majors*, 490 F.2d 1321 (10th Cir. 1974), cert. denied 420 U.S. 932, 95 S.Ct. 1136, 43 L.Ed.2d 405. *See* also, *Williams v. Oklahoma*, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959); *Williams v. New York*, 337 U.S. 241, 69 S.Ct. 1079, 93 L.Ed. 1760 (1949); *United States v. Metz*, 470 F.2d 1140 (3rd Cir. 1972), cert. denied 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311; *United States v. Sweig*, 454 F.2d 181 (2nd Cir. 1972). It was perfectly acceptable for the district court to consider the fact that a felony indictment, based upon the same set of facts, was dismissed pursuant to a plea bargain by which Marines pleaded guilty to a misdemeanor. We find no evidence that the district court disregarded evidence presented in mitigation of sentence.

The question of whether a sentencing court may take into consideration the fact that an indictment on a more serious charge is to be dismissed in exchange for a plea of guilty to a less serious charge was considered by this court in *United States v. Majors, supra*. The facts of that case are as follows: Majors escaped from a federal institution while a prisoner there. While in an escape status, Majors stole an automobile which he drove across a state line. Upon apprehension, he was initially charged with a Dyer Act offense which was dismissed when Majors pleaded guilty to an escape charge. When imposing sentence for the escape charge, the sentencing court made reference to the Dyer Act offense. In appealing imposition of sentence, Majors argued that the sentencing court should not have taken into consideration the fact that the indictment on the Dyer Act offense had been dismissed as a result of a plea bargain by which Majors was to plead guilty to the escape charge. In response to this argument, this court stated that "[t]he dismissed indictment and the charge contained in it are within the kind of information which a court may properly consider in passing sentence. The plea bargain and the indictment dismissal resulting from it did not and, indeed, could not, deprive the judge of the right and probably the duty of giving consideration to it." *United States v. Majors, supra* at 1324. The Second Circuit reached the same conclusion on a similar set of facts in *United States v. Doyle*, 348 F.2d 715 (2nd Cir. 1965), cert. denied 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84.

When this appeal was docketed, the parties were notified that the court was considering summarily affirming the judgment and sentence. They were additionally extended the opportunity to file memoranda in support of their respective positions. Only appellant Marines has responded with such a memorandum. After carefully and

thoroughly reviewing Marines' memorandum and the record on appeal, we are convinced that the judgment and sentence of the district court should be affirmed based upon the authority of *United States v. Majors, supra,* and *United States v. Doyle, supra.*

The judgment of the district court is affirmed.

## ON PETITION FOR REHEARING, SUGGESTION FOR REHEARING EN BANC, AND MOTION FOR STAY OF MANDATE

Petitioner Marines pleaded guilty on August 1, 1975 to violation of 21 U.S.C. § 844(a), possession of marijuana, and was sentenced to one year imprisonment. On appeal to this court from conviction and sentence, Marines complained that, when imposing sentence, the district court gave improper consideration to dismissal of a felony indictment and failed to give proper consideration to various mitigating factors. We rejected each of these contentions and affirmed judgment and sentence. *United States of America v. Peter Marines,* 518 F.2d 552 (10th Cir., 75–1682, filed February 13, 1976).

Marines has now filed a petition for rehearing, a suggestion for rehearing *en banc,* and a motion for stay of mandate pending application for writ of certiorari. The petition for rehearing was filed untimely. Rule 40(a), F.R.A.P. Due to the nature of the questions presented, however, the time for filing is enlarged to and including March 1, 1976, the date the petition was filed.

Marines raises three complaints in his petition for rehearing: 1) the disposition of his appeal pursuant to Rules 8(d) and 9(d), Rules of Court for the Tenth Circuit (hereinafter referred to as Circuit Rules), denied Marines' due process rights under the Fifth Amendment to the Constitution; 2) designation of our opinion affirming Marines'

conviction and sentence as "not for routine publication," pursuant to Circuit Rule 17, violates the Fifth and Sixth Amendments of the United States Constitution and denies equal access to the courts; [1] and 3) the district court gave improper consideration to dismissal of the felony indictment and failed to give proper consideration to various grounds presented in mitigation.

We first address Marines' contentions regarding what factors were or were not considered by the district court in sentencing. These contentions were given full and thorough consideration in Marines' direct appeal and were rejected. The instant petition for rehearing presents nothing we did not consider in the direct appeal and we see no reason to alter our previous decision.

Marines' contentions regarding Circuit Rule 17 are equally meritless. Rule 17 sets forth the criteria for determining whether or not an opinion will be designated for publication. We are aware of no constitutional right to have an opinion published. Counsel for Marines is apparently laboring under a misapprehension that opinions designated "not for routine publication" may not be cited. Circuit Rule 17(c) now provides that unpublished opinions may be cited " . . . in proceedings before this or any other court."

We turn now to Marines' contentions regarding assignment of his appeal to Calendar D pursuant to Circuit Rules 8(d) and 9(d). Counsel for Marines, in the petition for rehearing, argues that these rules provide a summary method for appellate review. Calendar D was at one time known as the Tenth Circuit's "summary calendar". We view not the title associated with the calendar as important, but rather the level of review afforded appeals assigned to Calendar D. This can best be put into proper perspective by discussing the implications of assignment of appeals to the Court's various calendars.

---

1. Our opinion affirming Marines' judgment and conviction was initially designated as "not for routine publication." That opinion has now been designated for publication. This change is warranted only because the instant disposition of Marines' petition for rehearing warrants publication. *See* Circuit Rules 17(d).

Appeals assigned to Calendars A and B are orally argued. No oral argument is permitted in appeals assigned to Calendars C and D. Dispensing with oral argument clearly does not violate due process rights. *Federal Communications Com'n v. WJR, The Good Will Sta.*, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353 (1949); *United States v. Smith*, 484 F.2d 8 (10th Cir. 1973), cert. denied 415 U.S. 978, 94 S.Ct. 1566, 39 L.Ed.2d 874. *See* also, *George W. B. Bryson & Co., Ltd. v. Norton Lilly & Co., Inc.*, 502 F.2d 1045 (5th Cir. 1974); *N.L.R.B. v. Local No. 42, Int. Ass'n of Heat & F. I. & A. Wkrs*, 476 F.2d 275 (3rd Cir. 1973); *United States v. Johnson*, 466 F.2d 537 (8th Cir. 1972), cert. denied 409 U.S. 1111, 93 S.Ct. 921, 34 L.Ed.2d 693. Thus, denial of oral argument in Marines' appeal constituted no violation of Marines' due process rights.

The most noteworthy consequence of assignment of a case to Calendar D relates to briefing. Full briefing is permitted in cases assigned to Calendars A, B and C. Memoranda, rather than briefs, are submitted in appeals assigned to Calendar D. The memorandum of each of the parties must be filed fifteen days after receipt of notice that the case has been assigned to Calendar D. There is no limit established with regard to either the length or content of this memorandum. The primary consequence then of assignment of a case to Calendar D is curtailment of the length of time within which the memoranda must be filed.

When Marines' appeal was assigned to Calendar D, counsel submitted a seven page memorandum opposing summary action. That memorandum contains what appears to be full argument on the points raised on appeal. No suggestion is made either in the memorandum or in the instant petition for rehearing that counsel was unable to properly present the issues raised on appeal due to the fact that a memorandum was submitted in lieu of a brief. He also makes no suggestion that the fifteen day time limit imposed for submission of the memorandum was insufficient.

Upon submission of his memorandum opposing affirmance, the memorandum and full record on appeal were submitted to each member of a panel of judges of this court in turn for review and, based upon this review, we affirmed Marines' judgment and conviction. We have now given full consideration to Marines' petition for rehearing and each of the arguments contained therein. Under the circumstances of this case, we find no basis for concluding that assignment of Marines' appeal to Calendar D constituted a denial of due process.

The petition for rehearing is denied.

Filed with the petition for rehearing was a suggestion for rehearing *en banc*. The petition for rehearing having been denied by the panel to whom the appeal was submitted, and no member of the panel or judge in regular active service on the court having requested that the court be polled on rehearing *en banc*, the suggestion for rehearing *en banc* is denied. Rule 35, F.R. A.P.

The motion for a stay of mandate is granted and issuance of the mandate is stayed to and including the thirtieth day after the date of this order.