**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Arria Chyvonne GRAVES a/k/a Karen**
**Lynn McAfee, Defendant-Appellant.**

**No. 84–1119.**

United States Court of Appeals,
Tenth Circuit.

March 12, 1986.

Charles D. Anderson, Federal Public Defender, Cyd Gilman, Asst. Federal Public Defender, D. Kan., for defendant-appellant.

Benjamin L. Burgess, Jr., U.S. Atty., Emily B. Metzger, Asst. U.S. Atty., D. Kan., for plaintiff-appellee.

Before HOLLOWAY, Chief Judge, and SETH, Circuit Judge, and WINDER, District Judge.*

WINDER, District Judge.

Appellant claims the district court erred in denying her motion to strike certain alleged offenses from the "prior record" section of her presentence report because evidence of those alleged crimes had been obtained in violation of her constitutional rights. We find no violation of appellant's constitutional rights in the inclusion of this information in the presentence report and affirm the ruling of the district court.

Appellant was indicted on May 3, 1983 by a federal grand jury in the Western District of Oklahoma on one count of forging an endorsement of a United States treasury check with the intent to defraud the United States, in violation of 18 U.S.C. § 495, and on one count of conspiracy to take from the United States mails, unlawfully possess and forge an endorsement of a United States treasury check with the intent to defraud the United States, in violation of 18 U.S.C. § 371. Under Rule 20 Fed.R.Crim.P., the case was transferred to the United States District Court for the District of Kansas, and on November 8, 1983 appellant pled guilty to the conspiracy charge.

Prior to appellant's sentencing, the probation department prepared an extensive presentence report. The "prior record" portion of this report listed seventeen prior offenses in which appellant was allegedly involved. One of the alleged offenses was possession of marijuana for which appellant was arrested, but not charged, because it was ruled there was an illegal search and seizure of the vehicle in which the marijuana was found. Another alleged offense was conspiracy and possession with intent to distribute heroin and cocaine; these charges were dismissed after the court determined that the search warrant by which the controlled substance was obtained was illegal. The presentence report also listed other alleged offenses involving arrests only and appellant requested that the district court strike these from the report because of their lack of probative value and potential for inaccuracy. On appeal, however, appellant makes no claim respecting those arrests.

The district court heard appellant's motion to strike on January 12, 1984. The court denied appellant's motion although the district judge indicated that he would not consider the two alleged offenses described above in imposing sentence. He did, however, decline to strike the alleged offenses from the presentence report or to have a new report prepared containing no mention of these matters because he did not believe that he should prevent the Federal Bureau of Prisons, the United States Parole Commission or the United States Probation Department from considering these matters at the post-sentencing stage of appellant's case. After denying appellant's motion to strike, the district court sentenced her to three years imprisonment and recommended confinement in an institution where she would be evaluated and would receive treatment for drug addiction. Thereafter, appellant filed this appeal.

On appeal, appellant seeks no relief from the sentence imposed by the district court. Her sole contention is that the failure of the district court to strike from the report

* Honorable David K. Winder, United States District Judge for the District of Utah, sitting by designation.

the two matters described above will unjustly prejudice the post-sentencing handling of her case by the Bureau of Prisons, the Parole Commission and the Probation Department, in violation of her constitutional rights.

Rule 32(c)(2) Fed.R.Crim.P. specifies the information to be included in the presentence report and, as pertinent here, states:

(A) Any prior criminal record of the defendant;

. . . . .

(D) any other information that may aid the court in sentencing . . .

The contents of the presentence report are intended to be extremely broad in order to provide the court a thorough description of the defendant's background. In fact, 18 U.S.C. § 3577 provides that "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."

Appellant acknowledges the breadth of the permissible scope of the information included in a presentence report, but contends that constitutional limitations require exclusion of the information in question here. The marijuana that appellant allegedly possessed was discovered during the illegal search of a vehicle. The charges of conspiracy and possession with intent to distribute heroin and cocaine were dismissed after the court determined that the search warrant used in that case was illegal. Appellant, therefore, claims that the availability of information concerning these alleged offenses to federal agencies having control over the nature and duration of her incarceration will result in prejudice to her in violation of her constitutional rights.

■ With few limitations, a court has almost unlimited discretion in determining what information it will hear and rely upon in imposing sentence. *United States v. Tucker*, 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592 (1972). However, two exceptions have been generally recognized by the courts, including this circuit: (1) a defendant has a due process right to have his or her sentence based on accurate information, and (2) in limited cases certain information linked to the denial of a constitutional right cannot form the basis for sentencing. *United States v. Jones*, 640 F.2d 284, 286 (10th Cir.1981).

In *Smith v. United States*, 551 F.2d 1193 (10th Cir.1977), *cert. denied*, 434 U.S. 830, 98 S.Ct. 113, 54 L.Ed.2d 90 (1977), this court rejected the defendant's contention that inclusion of his previous arrest history in the presentence report was improper. 551 F.2d at 1195–96. The court cited *Tucker*, 404 U.S. at 446, 92 S.Ct. at 591, wherein it was stated that a presentence investigation inquiry may be "broad in scope, largely unlimited either as to the kind of information . . . [considered], or the source from which it may come." 551 F.2d 1196. This court recognized that consideration at sentencing of convictions obtained when the defendant was not afforded the benefit of counsel was limited by the *Tucker* decision, but in affirming the trial court in *Smith*, recognized the clear authorization given the trial judge by 18 U.S.C. § 3577 to rely upon information concerning alleged criminal activity for which the defendant had not been prosecuted. 551 F.2d at 1196. Other circuit courts have also upheld the trial judge's right to consider evidence of crimes allegedly committed by the defendant even if the defendant had not been brought to trial for the alleged offenses, or no final disposition had been made concerning those offenses. *United States v. Ochoa*, 659 F.2d 547, 549 (5th Cir.1981) (appeal of state conviction not yet decided), *cert. denied*, 455 U.S. 959, 102 S.Ct. 1472, 71 L.Ed.2d 678 (1982); *United States v. Metz*, 470 F.2d 1140, 1142 (3rd Cir.1972) (indictments pending), *cert. denied*, 411 U.S. 919, 93 S.Ct. 1558, 36 L.Ed.2d 311 (1973); *United States v. Doyle*, 348 F.2d 715, 721 (2nd Cir.1965) (the defendant pled guilty to one count in the indictment; the other counts were dismissed, but considered at sentencing), *cert. denied*, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965).

Appellant argues that neither the sentencing judge nor the federal agencies that will later consider her parole should be allowed to consider illegally seized evidence which could not be admitted at a trial. The government, on the other hand, urges that the exclusionary rule is a judicially created remedy designed to safeguard fourth amendment rights by deterring official misconduct and that under *United States v. Calandra,* 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), this court should balance the incremental deterrent effect of applying the exclusionary rule at sentencing and in post-sentencing administrative proceedings against the costs of impairing effective and suitable punishment of proven offenders and unduly complicating sentencing procedures.

We agree with the government's argument. We have already mentioned the district judge's duty to "conduct [a presentence] inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come." *Tucker,* 404 U.S. at 446, 92 S.Ct. at 591. It is true that in *Tucker* the Court barred the consideration at sentencing of convictions obtained without affording the defendant the benefit of counsel. *Tucker* recognized that the absence of counsel impugns the integrity of the fact finding process so that a conviction obtained under such circumstances is unreliable. *See* 404 U.S. at 447 n. 5, 92 S.Ct. at 592 n. 5. Most illegally obtained evidence is not inherently unreliable, but "is excluded at trial on the theory that exclusion will deter the making of illegal searches." *United States v. Lee,* 540 F.2d 1205, 1211 (4th Cir.1976), *cert. denied,* 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976). *See also, United States v. Calandra,* 414 U.S. 338, 347–48, 94 S.Ct. 613, 619–20, 38 L.Ed.2d 561 (1974) (the prime purpose of the exclusionary rule is to deter unlawful police conduct). To decide whether illegally obtained evidence should be kept from the court or from federal agencies who may later consider such information in determining the post-sentencing status of appellant, an evaluation must be made of the degree of deterrence which might be promoted by exclusion, and that degree of deterrence must be weighed against the concomitant limitation of the right of the sentencing judge to impose sentence in light of all relevant facts. *Calandra,* 414 U.S. at 349–52, 94 S.Ct. at 620–22.

In the opinion of this court, extension of the exclusionary rule to sentencing or post-sentencing proceedings before federal agencies would, in the ordinary case, have a deterrent effect so minimal as to be insignificant. In the usual case, law enforcement officers conduct searches and seize evidence for the purpose of obtaining convictions, not for the purpose of increasing the sentence in a prosecution already pending or one not yet commenced. It is apparent that the significant deterrent to official lawlessness is the threat that an illegal search and seizure would render the prosecution ineffective. The additional threat that the sentence imposed in a future criminal prosecution might be less severe or that the defendant in a future case might be paroled earlier would appear to have little practical effect.

It also appears that sentencing proceedings could be intolerably delayed and disrupted if it became necessary to determine whether every item of information to be relied on by the sentencing judge had a lawful origin. The same considerations apply to post-sentencing administrative hearings.

This court has been made aware of only one circuit court decision in which evidence obtained in violation of the fourth amendment was excluded from consideration at sentencing. That decision is *Verdugo v. United States,* 402 F.2d 599 (9th Cir.1968), *cert. denied,* 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970). In *Verdugo,* the government, knowing that it already possessed sufficient evidence to convict the defendant of selling heroin, illegally searched his home in the hope of locating a larger supply of heroin because "the length of Verdugo's sentence would be quite different if it could be shown that Verdugo was involved in the narcotics traffic on a

large scale rather than merely as the seller in a single small transaction." 402 F.2d at 612. The court concluded that, under these circumstances, exclusion at trial would be of little significance and exclusion at sentencing would be the only meaningful deterrent. 402 F.2d at 612–13.

In two subsequent decisions, the Ninth Circuit appears to have disavowed a broad reading of *Verdugo*. In *United States v. Vandemark*, 522 F.2d 1019 (9th Cir.1975), the court upheld the district judge's right to revoke probation on the basis of illegally seized evidence when, at the time of the illegal search, the law enforcement officers had neither known nor had reason to believe that the suspect was on probation. 522 F.2d at 1020–21. The court additionally held that the district judge could consider the illegally obtained evidence in imposing sentence after revocation of probation. 522 F.2d at 1021. The court noted that *Calandra* provided the analytical framework for determining whether the exclusionary rule should apply to sentencing after revocation of probation. 522 F.2d at 1021. In *Calandra* the Supreme Court, holding that the exclusionary rule did not apply in grand jury proceedings, weighed "the potential injury to the historic role and functions of the grand jury against the potential benefits of the rule as applied in this context." 414 U.S. at 349, 94 S.Ct. at 620. Using the *Calandra* balancing approach, the Ninth Circuit held that "extension of the exclusionary rule to sentencing subsequent to revocation of probation would have a disruptive effect far out of proportion to any incremental deterrence of police misconduct." 552 F.2d at 1021.

The court further explained that "[t]he detrimental effect of the exclusionary rule upon sentencing is apparent. It deprives the district judge of information necessary to effectuate the federal policy of individualized sentencing." 522 F.2d at 1021 (citing *Williams v. New York*, 337 U.S. 241, 248, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949) (dictum)). The court supported its conclusion that "[a] sentence can be properly tailored to fit an individual defendant only to the extent that the judge is aware of the major facts relevant to needed correction," 522 F.2d at 1021, by quoting *Williams:*

> A sentencing judge ... is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial.

522 F.2d at 1021 (quoting *Williams v. New York*, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949)).

The second case in which the Ninth Circuit rejected a broad reading of *Verdugo* was *United States v. Larios*, 640 F.2d 938 (9th Cir.1981). In *Larios* the court considered "whether it was reversible error for the sentencing judge to consider evidence found through an illegal search and seizure when deciding the appropriate sentence for the appellant." 640 F.2d at 941. The court held that, under the facts of that case, the trial court acted properly in considering such evidence. 640 F.2d at 942. The court noted that the police had obtained a search warrant and that there was no indication that the search was overextensive or inappropriately conducted. 640 F.2d at 942. The court further explained that the illegality was caused by a technical error in the affidavit supporting the warrant and that any police misconduct that may have been involved was not sufficient to justify interfering with individualized sentencing. 640 F.2d at 942. In support of its decision, the Ninth Circuit cited its *Vandemark* opinion, 522 F.2d at 1021–22, and noted that in *Verdugo*, the evidence had been excluded from sentencing because the search was conducted without a

warrant, was "blatantly illegal," and the *Verdugo* court had found that deterrence against illegal searches was required under the circumstances there involved. 640 F.2d 942.

Other circuit courts have also applied the *Calandra* balancing approach. In *United States v. Schipani*, 435 F.2d 26 (2nd Cir. 1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971), the Second Circuit concluded that certain evidence obtained in violation of the fourth amendment should not be excluded from the consideration of the sentencing judge. 435 F.2d at 27. In *Schipani*, the illegal wiretap evidence which the defendant sought to have excluded at sentencing had been gathered in the course of an investigation which led to the defendant's conviction. 435 F.2d at 28. The court reasoned that the government's principal objective in gathering the evidence had been to convict the defendant, so the fear of exclusion at trial would have been a significant deterrent, but any further deterrence achieved by exclusion at sentencing would have been minimal. 435 F.2d at 28.

In *United States v. Lee*, 540 F.2d 1205 (4th Cir.1976), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976), the Fourth Circuit concluded that "reliable but illegally obtained evidence may generally be considered by the sentencing judge." 540 F.2d at 1207. The court based its conclusion on the finding that "the disadvantages of applying the exclusionary rule at sentencing are large, the benefits small or non-existent, and that the rule should therefore not be extended." 540 F.2d at 1212. That court noted that the facts in *Lee* were not those presented in *Verdugo* where it appeared that the government had illegally seized additional evidence for the purpose of enhancing the defendant's sentence, and that in such circumstances the rationale of the exclusionary rule can be served only by excluding illegally seized evidence from consideration at sentencing. 540 F.2d at 1212.

Although this court has not previously decided the precise issue presented in this case, the holding in *United States v. Majors*, 490 F.2d 1321 (10th Cir.1974), *cert. denied*, 420 U.S. 932, 95 S.Ct. 1136, 43 L.Ed.2d 405 (1975), foreshadowed our present decision. The *Majors* court affirmed the sentencing judge's right to consider a charge that had been dismissed when the defendant pled guilty to the charge for which he was being sentenced. 490 F.2d 1324. Several principles applicable to this case underly the *Majors* decision. The court there stated that "[i]n the exercise of the difficult discretionary function of imposing sentence upon a convicted ... criminal, the sentencing judge is entitled to all the help he can get." 490 F.2d at 1322. Such help includes knowledge of the history, background, character and criminal activities of the defendant as well as aggravating and mitigating circumstances. 490 F.2d at 1322. Finally, the court relied on the principle that "[p]ertinent information is not generally to be disregarded because of exclusionary rules of evidence." 490 F.2d at 1322 (citations omitted).

The principal function of the presentence report is to give the sentencing judge the assistance described in *Majors*, 490 F.2d at 1322. The report also serves other vital functions. It aids the probation officer in supervision efforts during probation and parole. It assists the Federal Bureau of Prisons in classification, institutional programs and release planning. It furnishes the United States Parole Commission with information pertinent to consideration of parole and, finally, it serves as a source of information for research. *See* Administrative Office of the United States Courts, *Guide to Judiciary Policies and Procedures*, (Probation Manual) Vol. X, p. 2–3, § 2002; *United States v. Charmer Industries*, 711 F.2d 1164, 1170 (2nd Cir.1983). When the sentencing court has authorized its use, as it did here, the information contained in the presentence report unquestionably serves to aid in crucial determinations made by the Parole Commission, the Bureau of Prisons and the Probation Department.

In this case the trial judge ruled that, in imposing sentence, he would not consider the matters requested to be stricken. He did, however, decline to strike those matters from the report that would be provided to the various agencies for post-sentencing adjudication. It is the opinion of this court that, in ruling as he did, the trial judge went beyond what he was required to do in not considering these alleged offenses. He did correctly rule that the matters should not be stricken from the report provided to the agencies.

There is no suggestion in this case that the two alleged offenses which were the subject of the motion to strike resulted from any attempt on the part of the arresting officers to enhance the sentence imposed in this case. The arrest for possession of marijuana occurred in 1974, nine years before this sentence was imposed. The information contained in the presentence report concerning that arrest is straightforward and relatively innocuous. It simply indicates that appellant was arrested but exonerated the same day because of the illegal search and seizure of the vehicle in which the marijuana was found. It is difficult to see how the inclusion of this information in the presentence report could unfairly prejudice the sentencing judge or federal agencies to whom such information might thereafter be transmitted.

The information contained in the presentence report concerning the 1982 arrest for conspiracy and possession with intent to distribute heroin and cocaine is more extensive, but also appears to be accurate and untainted by any relation to the present offense, and would be highly relevant to the sentencing judge and to the federal agencies to which such information might later be transmitted. Appellant has not denied the accuracy of this information or, for that matter, the accuracy of the information concerning the 1974 arrest for possession of marijuana. Appellant simply claims that, because the evidence of both alleged offenses was obtained in violation of the fourth amendment, neither the sentencing court nor federal agencies to which the presentence report is later transmitted, may be allowed to see or consider information concerning those alleged offenses.

This court rejects that argument. The purpose of the exclusionary rule is to protect, by means of deterrence, fourth amendment rights generally, rather than the personal constitutional rights of the aggrieved party. *United States v. Calandra*, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1974). The principal, if not sole, reason for excluding evidence obtained in violation of the fourth amendment at trial is to deter illegal law enforcement conduct. 414 U.S. at 347, 94 S.Ct. at 619. The degree of deterrence achieved by excluding illegally obtained evidence from the presentence report must be weighed against the concomitant limitation of the right of the trial judge and the post-sentencing administrative tribunals to make their decisions in light of all relevant facts. *See* 414 U.S. at 349, 94 S.Ct. at 620.

As the court recognized in *United States v. Lee*, 540 F.2d 1205 (4th Cir.1976), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976), the additional deterrent effect of extending application of the exclusionary rule to sentencing procedures, in the ordinary case, would be so minimal as to be insignificant. 540 F.2d at 1211. This court believes that this is the ordinary case given the length of time between the arrests complained of and the sentencing date of this case. Both the sentencing court and the post-sentencing administrative agencies are entitled to know all of the facts, including prior alleged offenses that did not result in a conviction. They are, of course, limited to a consideration of information that is accurate, but they are not precluded from considering prior charges that were dismissed or alleged offenses for which charges were not filed because of illegally obtained evidence.

The ruling of the district court is, therefore, AFFIRMED.