16 F.3d 418
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee
v.
Kitina Latrell YOUNG, Defendant-Appellant.
 No. 93-6292.
 United States Court of Appeals, Tenth Circuit.
 Jan. 13, 1994.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BRORBY and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Ms. Young entered a plea of guilty to the charge of Larceny and Theft of Postal Property in violation of 18 U.S.C.A. 1708 and was sentenced to fifteen months imprisonment. Ms. Young now appeals the sentence asserting the federal probation office lacked the necessary authorization under state law to obtain Ms. Young's prior juvenile convictions. We exercise jurisdiction and affirm.
 
 
 3
 Ms. Young admitted stealing checks sent for the aid of dependent children and food stamps from the United States mails. The presentence report showed three separate prior felony adjudications relating to Ms. Young's conduct as a juvenile. These adjudications increased the level of Ms. Young's criminal history category. Counsel for Ms. Young argued objections to the presentence report asserting that state law provides such records are sealed and may only be opened by order of the juvenile court and no such order was ever obtained. Therefore, Ms. Young contended the federal probation office failed to comply with the statute and the evidence so obtained could not be utilized by the court in imposing sentence. The sentencing court disagreed with Ms. Young stating:
 
 
 4
 In regard to the use of the juvenile records, I have read the statute involved. I know under the sentencing guidelines that federal court is entitled under circumstances such as this to use the juvenile records. And the Oklahoma statute contemplates that these juvenile records will be open for the purpose of sentencing, and I certainly see that there's no harm done here, that a court order was not actually obtained before obtaining these records. I certainly would have signed such an order, had it been requested. And the fact that a state clerk released these records without a court order doesn't in any way stop or prevent this court from considering those sentences and adjudication so--
 
 
 5
 We will assume without deciding the release of the juvenile adjudications to the probation officer was not authorized by Oklahoma law.[2] The question then becomes whether illegally obtained information can be considered and utilized for sentencing purposes.
 
 
 6
 We do not write upon a clean slate. In United States v. Graves, 785 F.2d 870, 873 (10th Cir.1986) (presentencing guidelines case), we held this court should balance the incremental deterrent effect of applying the exclusionary rule at sentencing against the costs of impairing effective and suitable punishment of proven offenders and unduly complicating sentencing procedure. In that case we went on to hold the defendant was not entitled to have alleged offenses stricken from her presentence report although the evidence of those crimes had been obtained in violation of her constitutional rights, in the absence of any suggestions that the alleged offenses resulted from an attempt on the part of arresting officers to enhance the sentence imposed. In United States v. Jessup, 966 F.2d 1354 (10th Cir.1992), cert. denied, 113 S.Ct. 1398 (1993), we affirmed Graves in the context of current sentencing guidelines. We generally held that, in the absence of evidence that the agents' actions were intended to secure an increased sentence for the defendant, the sentencing court could consider illegally obtained evidence.
 
 
 7
 Applying this case law to the facts of this case we have no trouble concluding the sentence of the district court should be affirmed. The record on appeal contains no evidence or even a suggestion that the actions of the probation officer in obtaining the juvenile records were motivated by or intended to enhance Ms. Young's sentence. The violation of Oklahoma law, if in fact it did exist, was technical. Ms. Young made no suggestion the information obtained was inaccurate nor made any showing the Oklahoma authorities would not have released the information had it been properly requested.
 
 
 8
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. --- F.R.D. ---
 
 
 [2]
 See Okla. Stat. Ann. tit. 10, 1125-1125.4 (1994 Supp.). Whether or not a juvenile adjudication may be released for use in sentencing an adult is less than clear