SCHROEDER, Circuit Judge,
specially concurring:
I concur in all but Part II.C. of the majority opinion. I also agree with the majority’s conclusion in Part II.C. that the district court did not err in considering at sentencing the 348 grams of methamphetamine, suppressed at trial as the product of a warrantless, non-consensual search. Under the law of our circuit, illegally seized contraband must be *1437 suppressed at sentencing where failure to do so would create a significant incentive for illegal searches. United States v. Vandemark, 522 F.2d 1019, 1022-23 (9th Cir.1975); Verdugo v. United States, 402 F.2d 599, 611-12 (9th Cir.1968). Given the objective nature of this test, I do not place as much reliance as the majority upon the district court’s findings as to the officers’ subjective intent. However, I agree that suppressing the illegally seized methamphetamine at sentencing was not necessary in this case, where the officers had a significant incentive to find and seize a defendant whom they reasonably suspected was trying to evade capture and punishment.
My disagreement is with the majority’s unnecessary suggestion that because of the adoption of the Sentencing Guidelines, courts may no longer exclude illegally seized evidence at sentencing, even when the conduct of the police is egregious and motivated solely by a desire to enhance a defendant’s sentence. There are two bases for my disagreement.
First, in my view, the argument for excluding evidence unlawfully obtained as a result of sentencing motivations is even stronger under Guideline sentencing than before. The Supreme Court’s decision in United States v. Calandra, 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561 (1973), tells us that although the exclusionary rule is a remedial device and not a constitutional imperative, it should be applied when it is beneficial in deterring illegal police conduct. Guideline sentencing enormously increases the incentive for police to make illegal searches for drugs, because the Guidelines mandate dramatically increased sentences as the quantity of drugs related to the offense of conviction increases. See U.S.S.G. § 1B1.3(a)(2); United States v. Restrepo, 903 F.2d 648, 651-53 (9th Cir.1990), as amended, 946 F.2d 654 (9th Cir.1991). Thus, it is now more important than ever to maintain the exclusionary rule as a deterrent against egregiously unlawful police conduct motivated by the greater availability of enhanced sentences based on drug quantity.
Nor do I believe, as the majority implies, that Congress may have overruled Calandra and Verdugo and forbidden any application of the exclusionary rule at sentencing when it enacted 18 U.S.C. § 3661 or § 1B1.3 of the Guidelines. These sections merely reenacted in identical form a statutory provision that predated Verdugo by two decades. See 18 U.S.C. § 3577 (1948) (renumbered, 1984). No other court has yet suggested that the judiciary may not apply the exclusionary rule in sentencing under Verdugo’s circumstances. See, e.g., United States v. McCrory, 930 F.2d 63 (D.C.Cir.1991); United States v. Torres, 926 F.2d 321 (3d Cir.1991); United States v. Robins, 978 F.2d 881 (5th Cir.1993); United States v. Jewell, 947 F.2d 224 (2d Cir.1991); United States v. Graves, 785 F.2d 870 (10th Cir.1986); United States v. Larios, 640 F.2d 938 (9th Cir.1981). I cannot concur in the majority’s suggestion that we can or should depart from this settled authority.