**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JAMES R. LEDBETTER,

Defendant-Appellant.

No. 96-7016
(D.C. No. CR-95-43-B)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

Defendant James R. Ledbetter, called "Randy," was convicted by a jury on one count of drug trafficking and two firearms offenses.[1] He appeals from the sentence imposed on the trafficking charge, arguing that a large quantity of drugs

---

[*]   This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1]   After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

should have been excluded from consideration. We exercise jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a)(1), and affirm.

Defendant's sentence on the trafficking charge was based on 42.23 grams of methamphetamine seized from his car during a traffic stop, and 73.16 grams of methamphetamine found in his mother's garage in a locked matchbox inscribed with the name "Randy." Defendant was not present when officers searched his mother's garage and did not consent to their search of the locked matchbox. Relying on United States v. Salinas-Cano, 959 F.2d 861 (10th Cir. 1992), he argues that his mother's consent to search her garage did not extend to a locked box bearing his name. He contends that the 73.16 grams of methamphetamine found in the matchbox should be excluded from the total used to calculate his sentence on the trafficking charge, and his sentence reduced accordingly.

We conclude that Salinas-Cano--a case challenging a conviction--does not apply to the sentencing argument defendant seeks to raise here. See 959 F.2d at 862 & n.1. "This circuit has followed the approach of balancing the effect of applying the exclusionary rule at sentencing against the costs of impairing effective and suitable punishment of proven offenders and unduly complicating sentencing procedures." United States v. Jessup, 966 F.2d 1354, 1356 (10th Cir. 1992) (footnote omitted) (sentencing guidelines case, citing United States v. Graves, 785 F.2d 870, 873 (10th Cir. 1986) (pre-sentencing guidelines case)). We

have observed that unless a defendant shows that illegally obtained evidence was procured by arresting officers in an attempt to enhance his sentence, applying the exclusionary rule would not achieve any deterrent effect on illegal searches to outweigh the detrimental effect on the court's ability to determine an appropriate sentence caused by excluding the evidence.  See id. at 1356-57.  In the absence of any such showing by defendant in this case, the 73.16 grams of methamphetamine recovered from the matchbox would be relevant at sentencing even if the search of the matchbox were held to be illegal.

Defendant makes no such showing on appeal, and there is no indication in his materials that he made this argument in the district court at all.  On our review of the record, we find no plain error.  See United States v. Olano, 507 U.S. 725 (1993).

AFFIRMED.

ENTERED FOR THE COURT


Carlos F. Lucero
Circuit Judge