**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph F. SCHIPANI, Defendant-Appellant.**

**No. 269, Docket 35161.**

United States Court of Appeals, Second Circuit.

Argued Nov. 17, 1970.

Decided Dec. 10, 1970.

Jacob P. Lefkowitz, New York City (Abraham Glasser, New York City, on the brief), for defendant-appellant.

Edward R. Neaher, U. S. Atty., E.D.N.Y. (David G. Trager, Asst. U. S. Atty., on the brief), for plaintiff-appellee.

Before KAUFMAN, HAYS and GIBBONS,* Circuit Judges.

HAYS, Circuit Judge:

This is an appeal from an order of the United States District Court for the Eastern District of New York denying a motion under Rule 35 of the Federal Rules of Criminal Procedure, for reduction of sentence imposed upon appellant after conviction for tax evasion under 26 U.S.C. § 7201 (1964).

The appeal raises a single issue: is it proper for a judge in deciding upon a sentence to use evidence which has been excluded from trial because it was obtained in violation of the Fourth Amendment.

Appellant's first conviction was vacated and the case remanded to the district court for a new trial on the ground that certain evidence introduced by the Government might have been acquired by unlawful wiretapping, Schipani v. United States, 385 U.S. 372, 87 S.Ct. 533, 17 L.Ed.2d 428 (1966). On the second trial, the questioned evidence was excluded but appellant was again convicted. His conviction was affirmed by this court, United States v. Schipani, 414 F. 2d 1262 (2d Cir. 1969), cert. denied, 397 U.S. 922, 90 S.Ct. 902, 25 L.Ed.2d 102 (1970). Appellant was sentenced to three years imprisonment on each of the five counts of which he was convicted, the sentences to run concurrently. In addition, he was fined $2,500 on each count for a total of $12,500.

Appellant moved under Rule 35 of Federal Rules of Criminal Procedure for a reduction of sentence. In denying this motion Judge Weinstein, who had presided at appellant's trial and had fixed the sentence, conceded that the prison sentence was "far longer than would be expected in a routine tax case," and stated that the primary reason for the severity of the sentence was the judge's conclusion that appellant was a "professional criminal." The judge acknowl-edged that this conclusion was based on information obtained from the excluded wiretaps which established, the judge said, that defendant was "a criminal figure, and that his undeclared income was the proceeds of organized crime." Judge Weinstein raised, *sua sponte*, the question of the propriety of using the excluded evidence for the purpose of determining the sentence. He decided that use of the evidence was proper. We agree and affirm the denial of the Rule 35 motion.

■ A sentencing judge's access to information should be almost completely unfettered in order that he may "acquire a thorough acquaintance with the character and history of the man before [him]." United States v. Doyle, 348 F. 2d 715, 721 (2d Cir.), cert. denied, 382 U.S. 843, 86 S.Ct. 89, 15 L.Ed.2d 84 (1965).

> "His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence properly applicable to the trial." Williams v. New York, 337 U.S. 241, 247, 69 S.Ct. 1079, 1083, 93 L.Ed. 1337 (1949) (footnote omitted).

This policy permits the broad acceptance of hearsay in the sentencing procedure. See, e. g., Williams v. Oklahoma, 358 U.S. 576, 79 S.Ct. 421, 3 L.Ed.2d 516 (1959).

In the present case the accuracy of the excluded evidence was not questioned either at sentencing or at the hearing of

---

* Of the United States Court of Appeals for the Third Circuit, sitting by designation.

28

the motion which is here appealed. The information obtained by the wiretaps was highly relevant to the character of the sentence to be imposed.

The appellant urges that the rule providing for exclusion in certain proceedings of evidence obtained in violation of the Fourth Amendment requires the rejection of the wiretap evidence at sentencing.

 The purpose of the exclusionary rule is, of course, to discourage unconstitutional acts by law enforcement officials. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The issue here is whether the exclusionary rule ought to be extended to include sentencing procedures.

We believe that applying the exclusionary rule for a second time at sentencing after having already applied it once at the trial itself would not add in any significant way to the deterrent effect of the rule. It is quite unlikely that law enforcement officials conduct illegal electronic auditing to build up an inventory of information for sentencing purposes, although the evidence would be inadmissible on the issue of guilt.[1]

It is this weakness in deterrent force which has led, as Judge Weinstein pointed out in his thorough opinion to the holdings that such evidence may be considered by a parole board in revoking parole, United States ex rel. Sperling v. Fitzpatrick, 426 F.2d 1161 (2d Cir. 1970), that it is admissible in grand jury proceedings, United States v. Blue, 384 U.S. 251, 255 n. 3, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966), that defendants other than those whose property has been unlawfully seized do not have the benefit of the rule, Alderman v. United States, 394 U.S. 165, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969), and that the illegally seized evidence may be used to impeach the credibility of a criminal defendant who has made untruthful assertions at trial on his direct case, Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L. Ed. 503 (1954).

 Where illegally seized evidence is reliable and it is clear, as here, that it was not gathered for the express purpose of improperly influencing the sentencing judge, there is no error in using it in connection with fixing sentence.

Affirmed.

---

1. In the case of Verdugo v. United States, 402 F.2d 599 (9th Cir. 1968), a divided panel decided that the exclusionary rule was applied where evidence was illegally seized to enhance the possibility of a heavier sentence after the basic investigation had been completed. As Judge Weinstein noted the *Verdugo* case presents quite a different situation from that now before us. We need not now pass upon the question of whether evidence ought to be excluded where it has been seized under the conditions presented in *Verdugo*.