**STATE of Iowa, Appellee,**

v.

**Ronald Dean SWARTZ, Appellant.**

No. 62610.

Supreme Court of Iowa.

April 25, 1979.

Richard A. Knock of Mershon, Snow & Knock, Cedar Falls, for appellant.

Thomas J. Miller, Atty. Gen., Thomas A. Evans, Jr., Asst. Atty. Gen., and David J. Dutton, Black Hawk County Atty., for appellant.

Considered by REYNOLDSON, C. J., and REES, McCORMICK, McGIVERIN and LARSON, JJ.

LARSON, Justice.

The sole issue on this appeal is one of first impression in this court. That is, may a prior conviction, which was set aside because of an illegal search, and another charge dismissed following sustaining of a motion to suppress under the fourth amendment, be considered by the trial court in determining a sentence to be imposed in a third, unrelated case? We conclude that they may.

The defendant was convicted of possession of a controlled substance with intent to deliver in 1974. He was sentenced to serve a term of five years, but the judgment and sentence were set aside by this court on appeal. *State v. Swartz*, 244 N.W.2d 553 (Iowa 1976). During the pendency of that appeal, defendant was arrested and convicted of breaking and entering under section 708.8, The Code 1975. He was sentenced to a term of not to exceed ten years under that charge, to run consecutively following the sentence in the case then on appeal. When the possession case was reversed, the trial court resentenced defendant on the breaking and entering charge to the same term, not to exceed ten years, but eliminated that part of the sentence providing for it to run consecutively with that previously imposed. The only sentencing alternatives available to the court were either a term of "not to exceed" ten years or probation. The length of the sentence was set by statute. *See* § 708.8, The Code 1975. Defend-

ant now contends that the court improperly considered the earlier cases in denying his application for probation because it violated the policy, if not the terms, of the "exclusionary rule."

The possession case which had been reversed, and the earlier possession charge which had been dismissed, were expressly stated by the trial court to have been considered in entering the ten-year term on resentencing. The sentencing judge stated:

I want to make it clear on the record some of the factors I've taken into consideration. In 1971, in June, you were arrested for possession of marijuana with intent to deliver, and a charge was filed here in District Court, a felony charge. Five months later that charge was dismissed because the Court sustained a motion to suppress. *It wasn't dismissed because there was any doubt as to your guilt. It was dismissed because there were violations of technical legal rules* and the means by which your possession of a quantity of marijuana was discovered. In 1973, you were again arrested for possession of a controlled substance with intent to deliver and that was the case which was just recently reversed by the Supreme Court. *The Supreme Court didn't reverse that case because they believed that you were innocent. They reversed that case because they felt there had been certain technical rules that had not been met when a search warrant was obtained,* and even though neither one of those arrests because of technical legal rules resulted in a conviction, I am considering that as part of the total of your background because had it not been for your benefiting from technical legal rules that are really designed to insure that police work is done within very strict guidelines, you would have been convicted in both of those cases. So it is true to say that this is your first felony conviction at this stage, but it is not true to say as far as sentencing is concerned that this is your first felony involvement, and I

want to place of record so that this can be considered if this matter reaches the Supreme Court that I have considered in connection with sentencing evidence which is subject to the exclusionary rule in two previous cases, one determined to be suited by District Court action in 1971 and the 1973 matter now determined by Supreme Court action. Therefore, I am entering an Order reaffirming the sentence. (Emphasis added.)

In the context of these facts, the principle that the trial court "should weigh and consider all pertinent matters"[1] in determining sentences is confronted head-on with the "exclusionary rule," which requires that evidence obtained in violation of defendant's constitutional rights be excluded at the trial. Iowa has, of course, adhered to this rule; in fact the exclusionary rule was the basis for reversal on this defendant's earlier appeal of the possession conviction. *See Swartz,* 244 N.W.2d at 554–55.

If this type of evidence is to be proscribed in a sentencing procedure, it must be done upon some basis other than traditional views of relevancy and materiality. Obviously the prior acts of this defendant are highly relevant upon the issue of his suitability for probation which he was requesting. *See United States v. Schipani,* 435 F.2d 26, 28 (2d Cir. 1970), *cert. denied,* 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971).

The basis for the exclusionary rule, however, is one of policy, to discourage unconstitutional acts by law enforcement officials. *Mapp v. Ohio,* 367 U.S. 643, 648, 81 S.Ct. 1684, 1688, 6 L.Ed.2d 1081, 1086 (1961). Weighing of competing interests has always been a part of the heritage of the concept of exclusion. As early as 1926, Justice Cardozo observed that:

[t]he question [of exclusion] is whether protection for the individual would not be gained at a disproportionate loss of protection for society. On the one side is the

---

1. *State v. Thompson,* 275 N.W.2d 370, 371 (Iowa 1979), quoting from *State v. Kendall,* 167 N.W.2d 909, 911 (Iowa 1969).

social need that crime shall be repressed. On the other, the social need that law shall not be flouted by the insolence of office. There are dangers in any choice. *People v. Defore*, 242 N.Y. 13, 24–25, 150 N.E. 585, 589, *cert. denied*, 270 U.S. 657, 46 S.Ct. 353, 70 L.Ed. 784 (1926).

In the present case, we must decide whether the policy of the exclusionary rule would be sufficiently promoted to justify the excision at sentencing of evidence inadmissible at trial.

Several federal courts of appeals have decided this issue, and have divided on it.[2] The third and ninth circuits have extended the exclusionary rule to sentencing. *See, e. g., United States ex rel. Rivers v. Myers*, 384 F.2d 737, 743 (3d Cir. 1967); *Verdugo v. United States*, 402 F.2d 599, 613 (9th Cir. 1968), *cert. denied*, 397 U.S. 925, 90 S.Ct. 931, 25 L.Ed.2d 105 (1970). The second and fourth circuits, on the other hand, have opted for full information at sentencing, including evidence otherwise inadmissible under the rule. *See, e. g., Schipani*, 435 F.2d at 28; *United States v. Lee*, 540 F.2d 1205, 1212 (4th Cir.), *cert. denied*, 429 U.S. 894, 97 S.Ct. 255, 50 L.Ed.2d 177 (1976).

In *Verdugo*, federal agents had negotiated an undercover buy for nearly three grams of heroin. After the buy they conducted a search of defendant's residence, recovering 372 grams of heroin. Despite the fact that Verdugo had been under investigation for over two months, they did not obtain a search warrant. The ninth circuit decision stressed the fact that the sentence for possession of 372 grams would be much more severe than that for the sale of three grams. The court concluded that, under these circumstances, there was a great incentive for the police to engage in the illegal search. Therefore, it was appropriate to invoke the exclusionary rule to deter such conduct in the future.

*Verdugo* was distinguished in *Schipani*. In that case federal agents had engaged in an illegal wiretap to gather evidence for a

tax evasion prosecution. This evidence convinced the sentencing judge that Schipani was a professional criminal, resulting in an augmented sentence. The court noted that the record was free from any indication that the evidence was obtained for the purpose of improperly influencing the sentencing judge. It also noted that evidence gathered in violation of the fourth amendment is both trustworthy and highly probative. It declined to invoke the exclusionary rule because the "sentencing judge's access to information should be almost completely unfettered." *Schipani*, 435 F.2d at 27.

Proponents of both views have shown some ambivalence, indicating that contrary results might be reached under other facts. The exclusionary rule's broad policy considerations would appear likely to change the result in the second circuit if, for example, the evidence was "gathered for the express purpose of improperly influencing the sentencing judge . . . ." *Schipani*, 435 F.2d at 28; while the ninth circuit might be expected to relax its rule of exclusion announced in *Verdugo* if it was shown that its admission would not "provide a substantial incentive for unconstitutional searches and seizures." 402 F.2d at 612–13. *See United States v. Vandemark*, 522 F.2d 1019, 1025 (9th Cir. 1975) ("[J]ustice is better served by not extending the exclusionary rule to either probation revocation or *subsequent sentencing* where the searching officers are unaware of the probationer's status [i. e., unawareness indicates lack of incentive for unconstitutional search].")* (Emphasis added.)

Examination of the case law on the subject does not establish a clear-cut rule to be applied. It does appear, however, that less strict adherence to the exclusionary rule will be required in a sentencing context than at the actual trial. It has been said that:

We believe that applying the exclusionary rule for a second time in sentencing after having already applied it once at

---

2. A discussion of this issue is found in an annotation, "Consideration, in Connection with Sentencing in Federal Criminal Case, of Evidence Inadmissible at Trial Because Illegally Obtained," 22 A.L.R.Fed. 856 (1975).

the trial itself would not add in any significant way to the deterrent effect of the rule. It is quite unlikely that law enforcement officials conduct illegal electronic auditing to build up an inventory of information for sentencing purposes, although the evidence would be inadmissible on the issue of guilt.

*Schipani*, 435 F.2d at 28.

The United States Supreme Court has apparently never decided this precise issue, but it has recently indicated a trend toward a restrictive application of the exclusionary rule. In *Harris v. New York*, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971), the defendant was arrested for the sale of heroin and made a statement later determined to be in violation of his fifth amendment rights. This statement was not used in the State's case. Harris testified in his own defense, however, and his testimony was at variance with the earlier statement. The State used the statement to impeach him. In upholding this use of the statement, the court said:

> The impeachment process here undoubtedly provided valuable aid to the jury in assessing petitioner's credibility, and the benefits of this process should not be lost . . . because of the speculative possibility that impermissible police conduct will be encouraged thereby. Assuming that the exclusionary rule has a deterrent effect on proscribed police conduct, sufficient deterrence flows when the evidence in question is made unavailable to the prosecution in its case in chief.

*Harris*, 401 U.S. at 225, 91 S.Ct. at 645, 28 L.Ed.2d at 4.

In *United States v. Calandra*, 414 U.S. 338, 94 S.Ct. 613, 38 L.Ed.2d 561 (1974), the issue was whether the exclusionary rule applied to grand jury proceedings. In determining that it did not, the Supreme Court stated that:

> Despite its broad deterrent purpose, the exclusionary rule has never been interpreted to proscribe the use of illegally seized evidence in all proceedings or against all persons. As with any remedial device, the application of the rule has been restricted to those areas where its remedial objectives are thought most efficaciously served. The balancing process implicit in this approach is expressed in the contours of the standing requirement. Thus standing to invoke the exclusionary rule has been confined to situations where the government seeks to use such evidence to incriminate the victim of the unlawful search.

*Calandra*, 414 U.S. at 348, 94 S.Ct. at 620, 38 L.Ed.2d at 571–72.

In *Michigan v. Tucker*, 417 U.S. 433, 94 S.Ct. 2357, 41 L.Ed.2d 182 (1974), the defendant was arrested and, without the benefit of *Miranda* warning, gave the police the name of an alibi witness. As it turned out, the witness provided some very incriminating evidence. The issue on appeal was whether the alibi witness' testimony should be excluded at trial as "fruit-of-the-poisonous-tree." The court noted that the basis for the exclusionary rule was two-fold: (1) deterrence of illegal police conduct; and (2) protection of the courts from reliance upon untrustworthy evidence. It explicitly rejected any notion that the basis of the exclusionary rule was "the imperative of judicial integrity." The court noted the trustworthiness of the witness' testimony and said:

> Whatever deterrent effect on future police conduct the exclusion of those statements [of the defendant] may have had, we do not believe it would be significantly augmented by excluding the testimony of the witness . . . as well.

*Tucker*, 417 U.S. at 448, 94 S.Ct. at 2365–66, 41 L.Ed.2d at 195.

One of its most recent statements on the rule was in *Stone v. Powell*, 428 U.S. 465, 494–95, 96 S.Ct. 3037, 3052–53, 49 L.Ed.2d 1067, 1088 (1976):

> [W]here the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. In this context the contribution of the exclu-

sionary rule, if any, to the effectuation of the Fourth Amendment is minimal, and the substantial societal costs of application of the rule persist with special force.

Most federal courts deciding the issue of admissibility of illegally obtained evidence in parole revocation hearings have refused to apply the exclusionary rule. *See* cases in Annot., 30 A.L.R.Fed. 824 (1976).

Upon balancing the divergent policy considerations discussed, we conclude that evidence should not per se be inadmissible in a sentencing hearing solely upon the basis that, if tendered at trial, it would be subject to exclusion on constitutional grounds. We therefore decline to extend the exclusionary rule to those proceedings, absent some showing that the evidence in question was gathered in violation of the defendant's constitutional rights and for the express purpose of influencing the sentencing court. *See Schipani*, 435 F.2d at 28. No such purpose was shown, or even claimed, in the present case.

We have recently held in *State v. Thompson*, 275 N.W.2d 370, 372 (Iowa 1979) and *State v. McKeever*, 276 N.W.2d 385, 390 (Iowa 1979) that allegations of another offense charged could not be a basis for enhanced punishment unless the facts before the court show the accused actually had committed it. This principle would not prevent the trial court's consideration of the earlier charges in this case, however. As to the one possession charge, the defendant had been found guilty by a jury; as to the other, the sentencing judge, in the first emphasized part of the sentencing proceeding quoted above, specifically found that the facts did justify a finding of guilt, and that this would have been the result if the exclusionary rule had not been applied.

We conclude the court properly considered these matters in imposing the sentence.

AFFIRMED.