**Jack Glenn KAIN, Appellant,**

v.

**STATE of Iowa, Appellee.**

No. 84–1847.

Supreme Court of Iowa.

Dec. 18, 1985.

Charles L. Harrington, Appellate Defender, John Messina and Raymond E. Rogers, Asst. Appellate Defenders, for appellant.

Thomas J. Miller, Atty. Gen., Joseph P. Weeg, Asst. Atty. Gen., James A. Smith, Co. Atty., and Suzanne Engman, Asst. Co. Atty., for appellee.

Considered by HARRIS, P.J., and Mc-GIVERIN, LARSON, CARTER, and WOLLE, JJ.

CARTER, Justice.

The appellant, Jack Kain (Kain), applied for postconviction relief to challenge the revocation of his probation. The district court denied postconviction relief and Kain has appealed. He contends the revocation of his probation was constitutionally infirm because it was based on evidence which had been obtained by an illegal investigatory stop of an automobile.

In 1981, Kain was convicted of second-degree burglary. He was given a suspended sentence and placed on probation. In De-

cember of 1982, Kain was arrested and charged with robbery. Prior to his trial on that charge he filed a motion to suppress most of the State's material evidence in the case, alleging that such evidence had been obtained as the result of an illegal investigatory stop of an automobile in which he was riding. The district court sustained this motion to suppress after finding that the evidence in question had been obtained as a result of police officers stopping an automobile in which Kain was riding without having sufficient reason to believe that criminal activity had been committed by the vehicle's occupants. Following this ruling, the State dismissed the robbery charge against Kain for lack of other available evidence.

Subsequently, however, the State applied to the district court to revoke Kain's probation on the 1981 burglary conviction based on the same evidence which had been determined to be inadmissible in a criminal trial of the previously dismissed robbery charge. The district court concluded that this evidence could be considered for purposes of deciding whether to revoke Kain's probation. Relying essentially on this evidence, the court revoked Kain's probation, a circumstance which resulted in his incarceration.

Kain then filed the present application for postconviction relief, contending that the illegally gathered evidence was improperly considered at the probation revocation hearing. Such contention was rejected by the district court which heard the trial of his postconviction action, and a judgment was entered denying relief. In appealing from this judgment, Kain urges three separate grounds upon which the evidence should have been excluded: (1) the fourth amendment to the federal constitution; (2) article I, section 8 of the Iowa constitution; (3) Iowa Rule of Criminal Procedure 11(1). We consider these claims separately.

### I. *The Federal Constitutional Argument.*

■ Kain urges that the exclusionary rule in *Mapp v. Ohio,* 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961), formulated under the fourth amendment and made applicable to the states under the fourteenth amendment, extends to any use of illegally obtained evidence in a criminal adversarial setting. He views a probation revocation hearing as being such a setting and therefore urges that the exclusionary rule applies in that context. The plurality opinion in *Mapp* does suggest that, if evidence obtained in violation of a person's fourth amendment rights is thereafter used by the state against the penal interests of that person, such use is itself as violative of the fourth amendment as was the original search or seizure. *Id.* at 649, 81 S.Ct. at 1688, 6 L.Ed.2d at 1086.

As the *Mapp* exclusionary rule has evolved, however, the Supreme Court has justified its continued existence not as a redress for the victim of the search or seizure but rather as a deterrent to constitutionally violative police conduct. *See Stone v. Powell,* 428 U.S. 465, 486, 96 S.Ct. 3037, 3048, 49 L.Ed.2d 1067, 1083 (1976); *United States v. Calandra,* 414 U.S. 338, 348, 94 S.Ct. 613, 620, 38 L.Ed.2d 561, 571 (1974). Most recently that Court has employed a cost-benefit analysis in grafting limitations on the application of the exclusionary rule, an approach which weighs the benefits of applying the rule against the resulting damage to societal interests. *See, e.g., United States v. Leon,* — U.S. —, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984) (evidence not excluded where officers reasonably relied upon invalid search warrant).

When faced with the question involved in the present case, several United States courts of appeal have applied a cost-benefit analysis which considers the extent to which use of an exclusionary rule in probation revocation matters will result in an increased deterrence of illegal evidence gathering activities beyond that which is already provided by an exclusionary rule in criminal trials. The increased deterrent effect, if any, is then weighed against the resulting loss to efficient control of convicted criminals who are under the supervision

of a probation officer. The application of this balancing test has, in most instances, resulted in approval of the use of illegally gathered evidence at probation revocation hearings. *See United States v. Bazzano*, 712 F.2d 826, 834 (3d Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984); *United States v. Frederickson*, 581 F.2d 711, 713 (8th Cir.1978); *United States v. Winsett*, 518 F.2d 51, 53–55 (9th Cir.1975); *United States v. Farmer*, 512 F.2d 160, 162–63 (6th Cir.), *cert. denied,* 423 U.S. 987, 96 S.Ct. 397, 46 L.Ed.2d 305 (1975); *United States v. Brown*, 488 F.2d 94, 95 (5th Cir.1973) (per curiam); *United States v. Hill*, 447 F.2d 817, 819 (7th Cir.1971); *United States ex rel. Sperling v. Fitzpatrick*, 426 F.2d 1161, 1163–64 (2d Cir.1970) (parole revocation).

An exception to such conclusion is believed to exist where the evidence in question was gathered for the express purpose of influencing the revocation of probation. *See United States v. Schipani*, 435 F.2d 26, 28 (2d Cir.1970), *cert. denied,* 401 U.S. 983, 91 S.Ct. 1198, 28 L.Ed.2d 334 (1971). Clearly, that situation is not presented in the case now before us. The record is clear that the officers making the invalid investigatory stop had no information at that time concerning the identity of the occupants of the automobile.

Typical of the reasoning of those federal courts permitting the use of illegally gathered evidence at probation revocation hearings is that of the ninth circuit in *Winsett,* 518 F.2d at 54–55:

An important aspect of our probation system is the placing of certain restrictions on the probationer, such as the requirement that he not associate with criminals or travel outside the judicial district. These conditions serve a dual purpose in that they enhance the chance for rehabilitation while simultaneously affording society a measure of protection. Because violation of probation conditions may indicate that the probationer is not ready or is incapable of rehabilitation by integration into society, it is extremely important that *all reliable* evi-

dence shedding light on the probationer's conduct be available during probation revocation proceedings.

Consequently, to apply the exclusionary rule to probation revocation hearings would tend to frustrate the remedial purposes of the probation system. Not only would extension of the rule impede the court's attempt to assess a probationer's progress or regression, but also it would force probation officers to spend more of their time personally gathering admissible proof concerning those probationers who cannot or will not accept rehabilitation.

(Footnote omitted.) We believe that the conclusions of those federal courts whose opinions we have cited represent the prevailing interpretation by which Kain's federal constitutional claim must be determined. Judged by this standard, his claim must fail.

II. *The State Constitutional Argument.*

■ Kain also urges that irrespective of whether an exclusionary rule in probation revocation hearings is mandated under the applicable provisions of the federal constitution, we should hold that exclusion is required under article I, section 8 of the Iowa constitution. We reject this contention for two reasons. First, as indicated in *State v. Groff,* 323 N.W.2d 204, 207–08 (Iowa 1982), our interpretation of article I, section 8 has quite consistently tracked with prevailing federal interpretations of the fourteenth amendment in deciding similar issues. Examples supporting this conclusion are *State v. Roth,* 305 N.W.2d 501, 507 (Iowa 1981) and *State v. Olsen,* 293 N.W.2d 216, 219–20 (Iowa 1980). The second reason we reject Kain's plea for a different interpretation under the state constitution is our belief that we gave full consideration to all of the competing policy issues arising in the present case in *State v. Swartz,* 278 N.W.2d 22, 23–25 (Iowa 1979). In that case, we adopted, independently of any controlling federal precedent, a constitutional balancing test which does not require the extension of the exclusion-

ary rule into the present area. We are reluctant to retract from these views in the present case and therefore reject Kain's claims under the state constitution.

III. *The Exclusionary Provisions of Iowa R.Crim.P. 11(1).*

█ Finally, we consider Kain's argument that exclusion of the illegally gathered evidence at his probation revocation hearing was mandated by Iowa Rule of Criminal Procedure 11(1)(e). That rule provides that, where a motion to suppress evidence in a criminal trial is granted with respect to an unlawful search and seizure, evidence so obtained "shall not be admissible in evidence at any hearing or trial." It is Kain's contention that the rule of exclusion mandated by the foregoing rule of criminal procedure extends to probation revocation hearings. We disagree.

The scope of the Iowa Rules of Criminal Procedure is generally circumscribed by rule 1(1), which, we believe, limits their application to the prosecution of indictable offenses from initial appearance to final judgment. We do not interpret this rule as creating an exclusionary rule, not otherwise mandated by state or federal law, for use in probation revocation hearings. *See Calvert v. State,* 310 N.W.2d 185, 187 (Iowa), *cert. denied,* 456 U.S. 930, 102 S.Ct. 1980, 72 L.Ed.2d 447 (1981) (rule of criminal procedure governing corroboration of accomplice testimony does not apply to probation revocation). We have considered all arguments advanced and conclude that the judgment denying postconviction relief was correct.

AFFIRMED.