STATE OF CONNECTICUT *v.* STEVEN TURDO
(4975)

BORDEN, DALY and BIELUCH, Js.

Argued June 10—decision released September 15, 1987

*David A. Dee* and *Carmine Guiliano,* for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *John Nazzaro,* former deputy assistant state's attorney, for the appellee (state).

BIELUCH, J. The defendant appeals from his sentence following a judgment of conviction rendered in accordance with the jury's verdict of guilty of one count of operating a motor vehicle while his license was suspended, a violation of General Statutes § 14-215.[1] He claims that the court violated his constitutional right to due process in that his sentence was enhanced, based upon evidence suppressed prior to trial. We find no error.

The jury could reasonably have found the following relevant facts. On November 15, 1985, at 12:50 a.m., the defendant was arrested by two officers of the Stonington police department. The police officers observed the defendant's car weaving in its lane and across the center line. The officers stopped the car and the defendant emerged from the driver's side, staggering slightly

---

[1] "[General Statutes] Sec. 14-215. OPERATION WHILE REGISTRATION OR LICENSE IS REFUSED, SUSPENDED OR REVOKED. (a) No person to whom an operator's license has been refused, or whose operator's license or right to operate a motor vehicle in this state has been suspended or revoked, shall operate any motor vehicle during the period of such refusal, suspension or revocation. . . .

"(c) Any person who operates any motor vehicle during the period his operator's license or right to operate a motor vehicle in this state is under suspension or revocation on account of a violation of subsection (a) of section 14-227a, subsection (d) or (f) of section 14-227b, or section 53a-56b or 53a-60d, shall be fined not less than five hundred dollars nor more than one thousand dollars and imprisoned not more than one year, thirty days of which may not be suspended or reduced in any manner."

and swaying from side to side. The defendant's speech was slurred and there was a moderate odor of liquor on his breath. He admitted to the officers that he had consumed two or three beers. The officers requested that the defendant perform certain standard field tests to establish whether the defendant's motor skills were impaired. He performed poorly on these tests. A breathalizer test conducted by the police indicated a .16 percent blood alcohol content by weight. The result of the breathalizer test, however, was suppressed prior to trial. At the police station, a routine computer check with the department of motor vehicles revealed that the defendant's license had been suspended on November 17, 1984, for a period of twenty-four months, as a result of his second conviction for operating a motor vehicle while under the influence of liquor, and had not been restored as of the date of the arrest.

The defendant was subsequently charged with operation of a motor vehicle while his license was suspended, a violation of General Statutes § 14-215; see footnote 1, supra; and operation of a motor vehicle while under the influence of liquor or drugs, a violation of General Statutes § 14-227a.[2] He pleaded not guilty and was tried to a jury which rendered a verdict of guilty to operating a motor vehicle while his license was suspended,

---

[2] "[General Statutes] Sec. 14-227a. OPERATION WHILE UNDER THE INFLUENCE OF LIQUOR OR DRUG OR WHILE IMPAIRED BY LIQUOR. (a) Operation while under the influence. No person shall operate a motor vehicle while under the influence of intoxicating liquor or any drug or both. A person commits the offense of operating a motor vehicle while under the influence of intoxicating liquor or any drug or both if he operates a motor vehicle on a public highway of this state or on any road of a district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or on any private road on which a speed limit has been established in accordance with the provisions of section 14-218a, or in any parking area for ten or more cars or on any school property (1) while under the influence of intoxicating liquor or any drug or both or (2) while the ratio of alcohol in the blood of such person is ten-hundredths of one per cent or more of alcohol, by weight. . . ."

and not guilty to operating a motor vehicle while under the influence of liquor or drugs. The defendant was sentenced to serve a term of imprisonment of one year,[3] execution to be suspended after ninety days, and probation for two years thereafter with the following conditions: (1) no operation of a motor vehicle in the states of Connecticut or Rhode Island during the term of probation; (2) no drinking of alcohol during the term of probation; and (3) participation in alcohol abuse treatment as recommended by the probation department.[4] In addition, he was fined $500.

The defendant's only claim on appeal is that the trial court violated his right to due process under the fifth and fourteenth amendments to the constitution of the United States by enhancing of his sentence on the basis of evidence suppressed prior to trial. The state has conceded that the defendant's claim warrants review under *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973).

In support of this claim, the defendant refers to the following statement by the trial court: "[I]f [the defendant's] testimony [of two or three beers] is true, it would be in contravention of any scientific testimony I have heard on the ability of [that amount of] alcohol to produce a [breathalizer] reading of .16." This statement was made during the trial, immediately following the defendant's testimony, and outside the presence of the jury. No further reference was made concerning the breathalizer test during the remainder of the trial or during sentencing. Furthermore, we note that the defendant's counsel and the state were in agreement that the defendant's probation should be conditioned upon his not operating a motor vehicle in Connecticut

---

[3] See General Statutes § 14-215 (c); footnote 1, supra.

[4] The defendant has not challenged, nor do we rule upon, the propriety of the conditions imposed upon probation by the court as agreed to by the defendant's counsel and the state. See General Statutes §§ 53a-30 and 14-215 (c).

or Rhode Island, that he receive alcohol counseling as deemed appropriate by the department of probation, and that he be given the maximum period of probation.

" '[I]f a sentence is within statutory limits it is not generally subject to modification by a reviewing court. . . . "A sentencing judge has very broad discretion in imposing any sentence within the statutory limits . . . ." ' " (Citations omitted.) *State* v. *Collette,* 199 Conn. 308, 320, 507 A.2d 99 (1986). "The court may 'appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information [it] may consider or the source from which it may come.' . . . Due process requires, however, that information be considered only if it has some minimal indicium of reliability." (Citations omitted.) Id. While the court should refrain from comments that have no basis in the record, "the mere reference to information outside of the record does not require a sentence to be set aside unless the defendant shows: (1) that the information was materially false or unreliable; and (2) that the trial court substantially relied on the information in determining the sentence." Id., 321. The defendant's claim fails under both prongs of this test.

As to the first prong, the breathalizer test was suppressed because the police did not comply with the requirements of General Statutes § 14-227b (b). Such failure, however, does not render the test results materially false or unreliable. See *United States* v. *Schipani,* 315 F. Sup. 253 (E.D.N.Y.), aff'd, 435 F.2d 26 (2d Cir. 1970) (evidence obtained in violation of fourth amendment properly used in sentencing). As to the second prong of the rule in *Collette,* there is no evidence in the record to indicate that the court substantially relied upon the results of the breathalizer test in determining the sentence. In fact, there is no indication in the record that the court considered the breathalizer test

at all in determining the defendant's sentence. The court's comment at trial stands by itself, completely unreferenced to anything further at trial or in sentencing.

There is no error.

In this opinion the other judges concurred.