MEMORANDUM OF DECISION
The petitioner was convicted, after a trial by jury, of Kidnapping First Degree, in violation of Conn. Gen. Stat.53a-92(a)(2)(A) and Assault Third Degree in violation of Conn. Gen. Stat. 53a-61(a)(1). The Court imposed a sentence of 17 years on the Kidnapping First Degree; 1 year, concurrent on the Assault Third Degree, for a total effective sentence of 17 years.
The victim was walking at night on Asylum Street in Hartford, Connecticut when the petitioner, a stranger, approached her and asked her for a cigarette. She began to flee when she was grabbed by the hair and dragged into a parking lot and beaten. The victim was then asked to perform oral sex but she refused. She was then forced to have vaginal intercourse.
Petitioner's counsel urged this Division to reduce his sentence arguing it is disproportionate. His client was convicted only on the Kidnapping and Assault charges and has no previous record. He claims the sentence should only reflect that the victim was dragged across the street and punched a number of times.
In reviewing the record we note that the petitioner was charged with the crime of sexual assault in the first degree. During the trial the jury was unable to arrive at a verdict on the charge. It is petitioner's contention that the sentencing judge took into consideration the facts of the sexual assault when his client was not convicted of the charge. He further argues that the sentence imposed reflects the sexual assault, and that based upon the actions of the trial court his client could be tried again on the charge and punished twice for the same offense. In a very unusual move the trial court dismissed the sexual assault charge after imposing sentence. It then reversed itself and reinstated the charge without counsel or the petitioner present.
The attorney for the State noted the viciousness of the assault and states the trial judge was within his discretion to take in consideration the factual basis of the sexual assault. CT Page 10598 The state's attorney cites State v. Huey, 199 Conn. 121 (1986) in support of his position.
 "Generally, due process does not require that information considered by the trial judge prior to sentencing meet the same high procedural standard as evidence introduced at trial. Rather, judge may consider a wide variety of information . . . It is a fundamental sentencing principle that a sentencing judge may appropriately conduct an inquiry broad in scope, and largely unlimited either as to the kind of information he may consider or the source from which it may come . . . As a matter of due process, information may be considered as a basis for a sentence only if it has some minimal indicium of reliability." State v. Huey, 199 Conn. 121, 127 (1986).
In examining the sentencing transcript, this Division finds support for the petitioner's position. The Court clearly states it is considering the factual basis of the sexual assault three times during the sentencing. Because the State can try the petitioner all over again on the sexual assault, the petitioner can be to some degree sentenced twice for the same crime.
Recognizing there is no black or white line on how far a court may go in taking into consideration factually relevant information to form a basis for sentencing, this Division finds the present sentence to be beyond the permissible scope of State v. Huey, supra. Here after the jury spoke, the court should have isolated the factual basis for its weighing process of what punishment to impose.
In reviewing the case law we find no case where the original charge was capable of being reinstated by the state and the defendant subject to further punishment if found guilty of the charge. The following reasons have been upheld to be within the broad discretion of the trial court; hearsay, Williams v. Oklahoma, 358 U.S. 576 (1959), prior crimes for which defendant was not tried, and hearsay, Williams v. New York, 337 U.S. 241
(1949), evidence obtained in violation of fourth amendment, United States v. Schipani, 435 F.2d 26 (1970), charges dismissed without adjudication of merits, United States v. Doyle, 348 F.2d 715
(1965).
CT Page 10599 The United States Supreme Court has ruled that when a jury cannot come to an agreement on a charge the defendant can be retried on that charge without violating the double jeopardy rule if there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. United States v. Sanford, 429 U.S. 14 (1976). Therefore, petitioner can be retried on the charge where the jury was hung.
This Division finds that the sentence was inappropriate and reduces the petitioner's effective sentence from 17 years to 13 years and remands the matter back to the Superior Court to impose sentence in accordance with this opinion.
Norko, J., Purtill, J., and Stanley, J., participated in this decision.