**AMERICAN SAMOA GOVERNMENT, Plaintiff**

**v.**

**NUUSILA SUANI, Defendant**

High Court of American Samoa
Trial Division

CR No. 21-95

March 5, 1996

Before RICHMOND Associate Justice, LOGOAI, Associate Judge, and ATIULAGI, Associate Judge.

Counsel: For Plaintiff, Frederick J. O'Brien, Assistant Attorney General
For Defendant, Reginald E. Gates, Public Defender

Order Partially Granting and Partially Denying Motion for Reconsideration or New Trial:

# I. INTRODUCTION

On November 27, 1995, following a bench trial, we convicted defendant Nuusila Suani ("Suani") of unlawful possession of a controlled substance, to wit: marijuana, in violation of A.S.C.A. §§ 13.1022(a) and 13.1006. On January 30, 1996, we sentenced him to 12 years imprisonment, to be served concurrently with the sentence imposed in CR No. 53-91. Suani filed a timely motion for reconsideration or a new trial. This motion came regularly for hearing on February 5, 1996, with Suani and both counsel present.

# II. DISCUSSION

## A. Standard of Review

 Under T.C.R.Cr.P. 33, the court can grant a new trial to a defendant "if required in the interest of justice." The defendant must show that we erred in the findings of fact or conclusions of law. *Cf. American Samoa Gov't v. Falefatu*, 17 A.S.R.2d 114, 119-20 ("What is essential is that . . . [the motion for a new trial] fully apprises the court of the asserted errors in the judgment or sentence."). Although it is within the court's discretion whether to grant a new trial, we will not do so unless we have clearly erred in our findings or conclusions during the original trial. "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948). This is a rigorous standard.

## B. Suani's Allegations of Error

Suani claims a number of errors in the original judgment. First, he claims that he was not presented with a copy of the search warrant as required by T.C.R.Cr.P. 41(d). We specifically found on the evidence, however, that Suani had received a copy of the warrant. Reviewing the evidence in its entirety, we are not firmly convinced that this was a mistake.

Second, Suani argues that the officers executing the search warrant grossly exceeded its scope. In our Order Partially Granting Motion to Suppress, dated March 18, 1995, (hereinafter "Suppression Order"), we dealt with this question at some length. Suani's conclusory statement that our Suppression Order was wrong, followed by a single case citation but

no analysis whatsoever, is not enough to show plain error in our conclusion.

Suani next argues that the proper chain of evidence with regard to the seized marijuana had been broken. Once again, we will not reverse our finding of fact absent a showing of clear error on our part. We noted in our earlier Opinion and Order, dated November 27, 1995, that Suani's allegations on this point were purely speculative. In Suani's motion, he admits that he "[can] not establish what exactly the[] intruders had done in [the evidence] room." Thus, Suani's allegations still do not rise above speculation, and are not grounds for a finding that the chain of evidence was broken.

Fourth, Suani takes issue with the officers' qualifications to test the seized substance, which they concluded was marijuana. We have already discussed the officers' qualifications, based upon their substantial experience and their training in 1995. *See* Opinion & Order at 3-4. Although neither officer "made any reference whatsoever to Cannabis sativa L.," (Def.'s Pts. & Auth'ies Supp. Mot. New Trial at 2), they nevertheless convinced us, beyond a reasonable doubt, that the substance seized was marijuana within the definition of the statute. *See* Opinion & Order at 3-4. Suani has not sufficiently raised an issue with regard to the officers' qualifications, the tests they performed, or the ultimate conclusion that the seized substance was marijuana.

Fifth, Suani alleges that we erred in finding, as a matter of fact, that the areas where the seized marijuana plants were found were under his control. He points out that Dave Save testified at trial that the two areas where marijuana plants were found were under the control of people other than the defendant. It is within the clear discretion of the finder of fact to determine which witnesses' testimony to credit. *Mar Oil v. Morrissey*, 982 F.2d 830, 837 (2d Cir. 1993) (citing *Anderson v. Bessemer City*, 470 U.S. 564, 573-74 (1985)). We exercised our discretion to discount Save's testimony, finding that Suani was in constructive control of the plants. Suani has not convinced us that we committed clear error on this point.

Finally, Suani claims that we erred in sentencing him because we took into consideration the seized weapon which we had earlier ordered suppressed as the fruit of an unlawful search. *See* Suppression Order at 4-5, 7. We agree with him on this point.

We believe the proper view was expressed by the court in *United States v. Schipani*, 435 F.2d 26 (2d Cir. 1970), *cert. denied*, 401 U.S. 983 (1971); *see also United States v. Lee*, 540 F.2d 1205, 1212 (4th Cir. 1976), *cert. denied* 429 U.S. 894 (1976) (holding that evidence excluded

during trial can be considered at sentencing); *but see Verdugo v. United States*, 402 F.2d 599, 609-13 (9th Cir. 1968), *cert. denied*, 397 U.S. 925 (1970) (stating that certain illegally obtained evidence could not be considered at sentencing hearing). "A sentencing judge's access to information should be almost completely unfettered in order that he may 'acquire a thorough acquaintance with the character and history of the man before [him].'" *Schipani*, 435 F.2d at 27 (quoting *United States v. Doyle*, 348 F.2d 715, 721 (2d Cir.), *cert. denied*, 382 U.S. 843 (1965)) (second modification in original).

Nonetheless, despite a sentencing judge's important need to have as much knowledge about a defendant as possible, American Samoa's protective provision against unreasonable searches and seizures is constitutional, REV. CONST. OF AM. SAMOA, art. I, § 5, and is inflexibly absolute: "Evidence obtained in violation of this section shall not be admitted in any court."[1]

### III. CONCLUSION

For the reasons stated above, we grant Suani's motion for reconsideration or a new trial solely to reconsider the sentence and, in all other respects, deny his motion. We will hold a hearing on March 13, 1996, at 9:00 a.m. to reconsider his sentence.

It is so ordered.

---

[1] Serious consideration should be given to deleting this sentence by constitutional amendment or the next constitutional revision to enable the judiciary to develop more common-sense rules in the search and seizure field. This provision was included in the 1960 Constitution, the 1967 Revised Constitution, and in the several later, unadopted revisions. Indeed, from written records related to previous constitutional proceedings available to the court, it appears that critical discussion of this provision has never been undertaken. This void may be a byproduct of simplistic views on evidence suppression prevalent during the heyday of search and seizure constraints. One comment was noted of record. During the 1972-1973 constitutional revision process, a consulting firm named Karr & Greensfelder erroneously stated that section 5 is substantially the same as the Fourth Amendment to the U.S. Constitution. In fact, the Fourth Amendment does not contain this blanket provision on inadmissability in courts, and as the cases cited demonstrate, the federal courts are not as constrained as this court is in developing realistic and fair rules in the search and seizure field.